Mr. Justice VanValkenburgii
delivered the opinion of the court.
On the sixteenth day of December, A. D., 1879, the grand jury of the county of Duval presented an indictment against Ellis Moon for making an assault with intent to commit a rape upon the person of Adaline Warren, and alleging in the same indictment that this plaintiff in error was feloniously “present, aiding, abetting, and assisting the said Ellis Moon, the felony and intended rape to dc and commit, contrary, &c.”
On motion an order of severance was made, and on the fifth day of January, A. D., 1880, the defendant/Adolph Montague was tried on a plea of not guilty, and was found guilty by the jury. He moved for a new trial which was overruled, and he was sentenced to two years confinement at hard labor in the penitentiary.
A bill of exceptions appears in the record, a writ of error thereon was allowed, and the counsel for the defendant assigns the following errors:
First. The court erred in overruling the challenge for cause of T. J. Mott, and in compelling the accused to challenge the said T. J. Mott peremptorily.
Second. It appears that the accused has been indicted and tried as accessory,.and it does not appear from the record that the principal has been tried and convicted.
The record in regard to the first alleged error assigned recites that “thereupon came T. J. Mott who was tendered as a juror to sit in the trial of said cause, who, on being examined on his voir dire as touching his qualifications as a juror, answered, that he had formed and expressed an opinion as to the guilt and innocence of the defendant: that his opinion was formed from rumor, and from reading the evidence reported by the newspapers to have been taken at the preliminary examination, but that he could give the defendant a fair and impartial trial according to the evidence and the law, as given in charge by the court, and that he was not sensible of any bias or prejudice for or against the defendant.. The said defendant by his attorney did then and there challenge the said juror for cause or for principal cause. * * * The said judge did then and there deliver his opinion and decide that the said objection and challenge should not be allowed, and overruled said objection and challenge.” To this decision of the court-the counsel for the defendant took an exception. The counsel for the defendant then challenged the juror peremptorily.
This exception is not well taken. In the case of O’Connor vs. The State, 9 Fla., 215, this very question was passed upon. There this court adopted the rule embodied in the following extract:
“The true doctrine is, that if the juror’s conceptions are not fixed and settled, nor warped by prejudice, but are only-such as would naturally spring from public rumor or newspaper report, and his mind is open to the impressions it may receive on the trial, so as to. be convinced according to the law and the testimony, he is not incompetent.”
In this case this juror was subsequently challenged peremptorily by the defendant and another juror was empan-elled, to which there was no objection. It does not appear that the defendant had exhausted his peremptory challenges, or suffered any injury; but it does appear that he was tried by a jury above all exceptions.
The second assignment of error is equally invalid. The defendant was indicted for being “feloniously and ravishingly present, aiding, abetting and assisting the said Ellis Moon, the felony and intended rape to do and commit.” He was indicted as a principal, and not as an accessory before or after the fact. An accessory before the fact is one who, though absent at the time of the commission of the felony, doth yet procure, counsel, command or abet another to commit such felony. (Wharton Crim. Law, §134.) An accessory after the fact is one who, when knowing a felony to have been committed by another, receives, relieves, comforts or assists the felon, whether he be a principal or an *173 accessory before the j;act merely. "Wharton Crim. Law, §146.
Principals in the second degree are those who are present, aiding and abetting at the commission of the act. Ib., §116.
Chapter 1637, Laws 1868, sub-chapter 11, section 3, is as follows: “Whoever aids in the commission of a felony * * * shall be punished in the same manner prescribed for the punishment of the principal felon.”
In this case it was not necessary to try Moon first. They were both indicted as principals in an assault with intent to commit rape. The law is «well settled that the party charged as principal in the second degree may be convicted, though the party charged in the first degree is acquitted ;■ and the court may, in its discretion, try the principal in the second degree before the principal in the first degree. Boyd vs. State of Georgia, 17 Georgia, 194, and cases there cited; Wharton Crim. Law, §130, and cases cited; The State vs. Ross, 29 Mo., 32.
The judgment is affirmed.