HENRY ALBRITTON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An accessory before the fact is one, who though absent at the time of the commission of a felony, does nevertheless procure, counsel, command or abet another to commit such felony. An accessory after the fact is one who, with knowledge that a felony has been committed by another, aids, relieves, comforts or assists the felon, whether he be a principal or an accessory before the fact. A principal in the second degree is one who is present aiding and abetting at the commission of a felony.

2. In an indictment against three persons charging that one of them committed a felony, and that the others were present aiding and abetting in the commission thereof, all are indicted as principals, the one in the first degree, and the others in the second degree, and a conviction will be sustained against all of

them on proper proof that either one committed the fel ony, and that the others were present aiding and abetting in the commission of the same.

3. An indictment charged that A. committed a felony, and that H. and M. were present feloniously aiding, abetting and procuring him to commit the same. A. and H. were jointly tried, and the court instructed the jury to the effect that if they believed from the evidence beyond a reasonable doubt that H. committed the felony, and that A. was pressent aiding and abetting in the commission thereof, they were authorized to find the accused guilty : *Held,* In the absence of a bill of exceptions showing the evidence in the case, that the charge was not erroneous as to H., jointly convicted with A.

4. Assignments of error not discussed may be treated as aban- doned.

Writ of error to the Circuit Court for Polk county.

The facts of the case are stated in the opinion of the court.

*J. L. Albritton* and *Frank Clark* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MABRY, J. :

Andrew Albritton, Henry Albritton and Mitchell Al- britton were jointly indicted in the Circuit Court for Polk county for the larceny of a cow. Mitchell not be- ing present, Andrew and Henry were jointly tried and convicted as charged in the indictment. Henry alone has prosecuted a writ of error to reverse the judgment of the court against him.

The indictment—omitting its formal allegations— charges that Andrew Albritton on a certain day within the county of Polk, with force and arms, "one cow, of the property of one Nathaniel E. B. Roberts, then and

there being found, feloniously did take, steal and carry away;" and that one Henry Albritton and one Mitchell Albritton with force and arms "were then and there feloniously present, and feloniously aiding, abetting, counseling and procuring him, the said Andrew Albritton, the larceny to do and commit," against the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida.

We do not know what the testimony in the case was, the bill of exceptions not undertaking to give any of it.

In charging the jury the court, after stating the issue in the case and that the defendants were entitled to the presumption of innocence until the contrary is shown by the evidence beyond a reasonable doubt, said: "If you believe from the evidence in this case beyond a reasonable doubt that the defendant, Henry Albritton, took and carried away for the purpose of appropriating the same to his own use, and with the intent to steal the same, one cow, · the property of Nathaniel E. B. Roberts, that it was done in this county and State, that it was done within two years prior to the finding of this bill of indictment, then I charge you that you would be authorized to find him guilty as charged. And further, if you believe from the evidence in this case beyond a reasonable doubt that Andrew Albritton was then and there present feloniously aiding, abetting, counseling and procuring the said Henry Albritton to commit the said larceny, then I charge you would be authorized to find him guilty as charged. I further charge you that persons participating in a crime are either principals in the first or second degree. A principal in the first degree is one who is the immediate

perpetrator of the act.   A principal in the second degree is one who did not commit the act with his own hand, but was present aiding and abetting—principal in the second degree being equally guilty of the act as if he was the perpetrator thereof.   You are to look at all the facts and circumstances of the case as made by the evidence produced before you, and arrive at the truth of the case, and let that be your verdict."   The only objection made to this charge, and the only ground urged here by counsel for the plaintiff in error to reverse the judgment is, as stated by counsel, the confounding the names of the defendants by the judge in his charge.   Andrew Albritton is charged in the indictment as having committed the larceny, and Henry and Mitchell as being present aiding and abetting in the perpetration of the offense.   Under this indictment Henry and Mitchell Albritton are not charged as accessories either before or after the fact, but all three of the named defendants are indicted as principals, Andrew in the first degree, and Henry and Mitchell in the second degree.   The indictment here is different from the one in the case of *Ex parte* Bowen, 25 Fla., 214, 6 South. Rep., 65.   "An accessory before the fact is one who, though absent at the time of the commission of the felony, doth yet procure, counsel, command and abet another to commit such felony.   *    *    *   An accessory after the fact is one who, when knowing a felony to have been committed by another, receives, relieves, comforts or assists the felon, whether he be a principal or an accessory before the fact.   *    *   Principals in the second degree are those who are present, aiding and abetting at the commission of the act." Montague vs. State, 17 Fla., 662.   The punishment prescribed for principals in the first and second degrees is the same under our law.   Rev. Stat., sec.

2354.  Under the indictment before us charging Andrew Albritton with the commission of the felony, and Henry Albritton as being present aiding, abetting and procuring the commission of the offense, both of them could have been convicted on a state of facts showing that Henry committed the offense and Andrew was present aiding, abetting and procuring the commission thereof.  The offense charged against all of them is the same.  State vs. Ross, 29 Mo., 32; State vs. Kirk, 10 Oregon, 505; Commonwealth vs. Chapman, 11 Cush., 422; State vs. Fley and Rochelle, 2 Brevard, 338; Boyd vs. State, 17 Ga., 194; Brister vs. State, 26 Ala., 107.

The court instructed the jury as to principals in the first and second degrees, and they could not have been misled as to this.  The evidence is not before us, and assuming that the instruction was based upon testimony that could properly have been introduced, if Henry Albritton committed the larceny, as submitted by the court to the jury, he could have been properly convicted under the indictment.  The ground of objection, in the motion for a new trial, to the juror Costine, has not been discussed by counsel for plaintiff in . error, and will be treated, under the rule, as abandoned, though it has not escaped attention in considering the case.

The judgment should be affirmed, and it will be so ordered.