THE TEXAS COMPANY, A CORPORATION, *Plaintiff in Error,* v. B. H. DAVIDSON AND JOHN B. SECKINGER, *Defendants in Error.*

Opinion Filed November 19, 1918.

Petition for Rehearing Denied January 7, 1919.

Where a garnishment bond is given to pay whatever sum is recovered against the defendant provided the plaintiff "shall prevail in the suit," and the judgment for the plaintiff provides "that inasmuch as the defendant has been adjudged a bankrupt * * * since the institution of this suit, all proceedings on the execution when issued * * * are stayed as against said defendant," the plaintiff having participated in the bankruptcy proceedings, and the execution of the judgment against the defendant having been stayed by the judgment itself, the plaintiff did not "prevail in the suit," so as to make the sureties on the bond liable thereunder.

Writ of Error to Circuit Court for Hillsborough County; F. M. Robles, Judge.

Affirmed.

*McKay, Withers & Phipps,* for Plaintiff in Error;

*Whitaker, Himes* & *Whitaker,* for Defendants in Error.

WHITFIELD, J.—The Texas Company brought an action against W. R. Fuller in the State Circuit Court and obtained a writ of garnishment therein against The First National Bank of Tampa on September 16, 1910. To release the money held by the bank under the garnishment, W. R. Fuller, as principal, and B. H. Davidson and John B. Seckinger, as sureties, executed a bond to the Texas Company conditioned that if Fuller "shall well and truly pay to The Texas Company whatever sum it may recover against him in its suit, upon which suit such writs of garnishment were issued, and shall pay all interest, together with all costs of the suit, provided the Texas Company shall prevail in and by said suit, then this obligation shall be null and void, otherwise to remain in full force and virtue." On December 6, 1910, an involuntary petition in bankruptcy was filed in the Federal Court against Fuller, and on February 24, 1911, Fuller was adjudicated an involuntary bankrupt, and was discharged January 26, 1912. It also appears "that The Texas Company did in fact appear in said bankruptcy proceedings and prove its claim sued upon in the aforesaid suit as an unsecured creditor of the said W. R. Fuller before the referee in bankruptcy in said proceeding, have the said referee in bankruptcy allow the said claim, and did receive and collect a dividend upon the said claim in said bankruptcy proceedings, as therein allowed and awarded to all unsecured creditors of the said W. R. Fuller."

On December 22, 1910, upon motion of Fuller in the action against him by The Texas Company, the court made the following order:

"It appearing from the record in this case that on the filing of the suit a writ of garnishment was sued out by

the plaintiff and served on the First National Bank of Tampa, and before answer by the garnishee, a bond was given by the debtor with sureties as required by law for the release of the money or property garnisheed, and that in order to hold said sureties it is necessary for the plaintiff to reduce its demand to judgment. It is, therefore, considered by the Court that the foregoing motion be denied. It is further considered that any judgment which may be obtained in said suit shall be stayed as against the property of the defendant, pending the adjudication in bankruptcy."

On April 20, 1911, in the case of The Texas Company v. Fuller, the following judgment was rendered:

"It is thereupon considered by the Court that the plaintiff do have and recover of and from the defendant the said sum of $1356.14 for its damages, together with the further sum of $9.36, costs in this behalf expended.

"It is further ordered and adjudged that execution may issue on the said judgment against the said defendant, but that inasmuch as the said defendant has been adjudged a bankrupt by the District Court of the United States for the Southern District of Florida since the institution of this suit, all proceedings on said execution when issued be and the same hereby are stayed as against said defendant."

On August 4, 1913, The Texas Company brought an action against B. H. Davidson and John B. Seckinger on the bond executed by them as sureties for the release of the money garnisheed. There was judgment for the defendants and The Texas Company took this writ of error.

As The Texas Company did not prevail in their action against Fuller in the State Court, in that the enforcement of the judgment entered against Fuller was, in

reference to the bankruptcy law, stayed by the terms of the judgment itself, thereby relieving the principal, the sureties on the bond are not liable.

Affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.