PRESTON BROWN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed October 22, 1921.

Petition for Rehearing Denied November 23, 1921.

1.  An indictment which charges one person with an assault upon another with intent to commit a felony and a third person as being present at the time of the commission of the felony, aiding and abetting in its commission, charges such third person also with the offense of assault with intent to commit a felony. The distinction being that such third person is charged as principal in the second degree while the principal offender is charged as principal in the first degree.

2. It is not essential that a verdict of assault with intent to commit murder shall state the degree of murder.

3. A person charged as principal in the second degree to an assault with intent to commit a felony may be convicted as principal in the first degree.

4. A charge to the jury which is not so unclear in its language as to mislead the jury to the detriment of the defendant does not constitute reversible error.

5. A person charged with a criminal offense and correctly named in the indictment, who is called to the bar by another name being a mere contraction of his christian name and responds to such call and pleads to the indictment and goes to trial upon the merits waives whatever defense he may have interposed by plea in abatement.

A Writ of Error to the Circuit Court for DeSoto County; George W. Whitehurst, Judge.

Judgment affirmed.

*W. D. Bell,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

ELLIS, J.—Preston Brown was convicted of an assault with an intent to commit murder under an indictment which charged Rufus Daniels as principal in the first degree, and Preston Brown as principal in the second degree.

Omitting the formal parts of the indictment it charges that "Rufus Daniels, on the 8th day of September, A. D. 1920, at and in the County of DeSoto aforesaid, unlawfully, and from a premeditated design to effect the death

of one J. L. Dishong, in and upon him, the said J. L. Dishong, an assault did make, with a certain deadly weapon, to-wit, a shotgun which he, the said Rufus Daniels, then and there held in his hand, and him, the said J. L. Dishong, did then and there beat, bruise, wound and. ill-treat; wherefore, by virtue of the statute in such case made and provided, the said Rufus Daniels is deemed to have committed the crime of assault with intent to murder, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida.

"And the grand jurors aforesaid, upon their oaths aforesaid, do further present that Preston Brown, late of the County of DeSoto aforesaid, in the county and state aforesaid, was then and there at the time and place of the commission of the felony aforesaid, feloniously present, and did then and there unlawfully, feloniously counsel, aid, incite, abet and procure the said Rufus Daniels the felony in the manner and form and by the means aforesaid, then and there to do and commit. And so the grand jurors aforesaid, under their oaths aforesaid, do say that the said Rufus Daniels and Preston Brown, in the manner and form aforesaid, unlawfully, feloniously, did then and there commit an assault, with intent to commit murder on the said J. L. Dishong, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida."

This indictment was sufficient to charge Preston Brown with the offense of assault upon J. L. Dishong with the intent to commit the felony of murder. Rufus Daniels was charged as principal in the first degree, but Preston Brown was charged as principal in the second degree. See Everett v. State, 33 Fla. 661, 15 South. Rep. 543; Myers

v. State, 43 Fla. 500, 31 South. Rep. 275; Montague v. State, 17 Fla. 662. A principal in the second degree is one who is present aiding, inciting and abetting at the commission of the act. The verdict in the case was as follows: "We, the jury, find the defendant guilty as principal in the second degree of assault with intent to murder in the first degree. So say we all." While the verdict specified the degree of murder which the defendant intended to commit, such finding did not render the verdict invalid because assault with intent to murder in either the first or second degree, is under our statute the same offense, the penalty being the same. It is not essential that a verdict of assault with intent to commit murder shall state the degree of murder. See Edwards v. State, 54 Fla. 40, 45 South. Rep. 21; Graham v. State, 72 Fla. 510, 73 South. Rep. 594.

The objection to the verdict that it finds the defendant guilty of no offense because it found him guilty as principal in the second degree of an assault with intent to commit murder in the first degree is without merit. A principal in the second degree may be convicted as principal in the first degree. See Bryan v. State, 19 Fla. 864; Albritton v. State, 32 Fla. 358, 13 South. Rep. 955; Buie v. State, 68 Fla. 320, 67 South. Rep. 102.

The failure of the State to prove that Rufus Daniels actually fired the shot would not affect the verdict against Preston Brown if the evidence was sufficient to show that he fired the shot because the offense charged against both of them is the same. Albritton v. State, *supra.*

The ninth and tenth assignments of error attack that portion of the court's charge in which the judge used the following language: "Gentlemen of the jury: This is a case of the State of Florida against Preston Brown, charged

as being the principal in the second degree of an assault with intent to commit murder in the first degree together with one Rufus Daniels, on the 8th day of September, 1920, in DeSoto County.'' It is contended that this language was so involved as to create the impression upon the minds of the jury that they were in fact trying both men and that if they were under any such impression that it is difficult to ascertain from the verdict which defendant they had in mind when they used that term. We think there is no merit in these two assignments. They are based upon the obviously incorrect assumption that the jury could have been under the impression that it was trying both Rufus Daniels and Preston Brown. Even if the language used by the court quoted above was inovlved it is difficult to conceive how anyone could have reasonably been misled to the extent of believing that there were two prisoners in the dock instead of one, and that two men were being tried instead of one which the court distinctly said was being tried. The meaning apparently sought to be conveyed by the language is that Preston Brown, together with Rufus Daniels were charged with an assault with intent to commit murder in the first degree, and that Preston Brown was charged as principal in the second degree. The ninth and tenth assignments of error are not sustained.

It is contended by counsel for plaintiff in error that the verdict was contrary to the charge of the court. The point being that the court confused the names of Rufus Daniels and Preston Brown in such unclear and involved language that it is difficult, even impossible to determine from the verdict to which defendant the jury had reference. We think this criticism entirely unwarranted and we find nothing in the charge of the court to justify it.

The indictment charged Rufus Daniels with the offense

of assault with intent to murder, and Preston Brown with the offense of being personally present aiding and abetting Rufus Daniels. In presenting this situation to the jury the court frequently referred to Rufus Daniels and among other things stated that even if they should think, beyond a reasonable doubt, that Rufus Daniels committed the assault and that if it had resulted in the death of J. L. Dishong under such circumstances as would have amounted to murder in the second degree for Daniels and the jury believed that Preston Brown was present at the time and place of the commission of such an assault and was counseling, aiding, abetting and inciting Rufus Daniels to commit it, then Preston Brown would be guilty of an assault with intent to commit murder in the second degree. The court's instruction in this regard was perfectly consistent with the law of this State pertaining to the offense of assault with intent to commit a felony and we find no error in the language of the court, nor do we discover in it any such ambiguity as counsel for plaintiff in error insists exists. The other assignments of error relate to the sufficiency of the evidence to support the verdict. While the evidence is by no means clear that Rufus Daniels fired the shot, indeed it may be said that there is no evidence tending to show that Rufus Daniels fired the shot, yet the evidence is quite sufficient to show that Preston Brown fired the shot, and under such circumstances as that the jury was justified in finding that the same was fired from a premeditated design to effect the death of the person upon whom he fired. The point presented which raises the question of the use of the terms ''Preston'' Brown and ''Press'' Brown in the trial of the cause contains no merit. The indictment uses the name Preston Brown. It appears Preston Brown was the man who was tried and convicted, although the record discloses that he was called to the bar,

arraigned and pleaded under the name of "Press" Brown. As no plea in abatement was filed and no objections taken to the name by which he was called when being tried, it will not be considered now.

Having discovered no error in the record the judgment of the court is hereby affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.