SUE D. KAUZ, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Division B.

Opinion filed October 17, 1929.

688

*Van C. Swearingen,* of Miami, and *Louis Allen Harris,* of Winter Garden, for Plaintiff in Error.

*Fred H. Davis,* Attorney General and *H. E. Carter,* Assistant Attorney General, for State.

STRUM, J.—In a joint information filed against John Ellison, Roy E. Rogers, and Sue D. Kauz, the two defendants first named were charged as principals in the crime of arson, and Sue D. Kauz, who alone is plaintiff in error here, was charged as accessory before the fact.

The State contends that plaintiff in error is charged as principal in the second degree. After charging the guilt of Ellison and Rogers as principals, the information further charges:

"And the County Solicitor aforesaid, under oath, further information makes that one Sue D. Kauz did then and there aid, counsel and procure the burning of said dwelling house in the manner and form aforesaid, by the said John Ellison and Roy E. Rogers, contrary to the form of the Statute * * *."

An accessory before the fact is one who, though absent at the time of the commission of an offense, does nevertheless procure, counsel, command or abet another to commit such offense. A principal in the second degree is one who is *present* aiding and abetting at the commission of a felony. Albritton v. State, 32 Fla. 358, 13 So. R. 955. The presence at the crime of a principal in the second degree may be either actual or constructive. Pope v. State, 84 Fla. 428, 94 So. R. 965.

The State contends that because the information charges that Sue D. Kauz did "then and there" aid and counsel, it is equivalent to the charge she was present and actually or constructively at the commission of the crime. We can not accept this construction of the charge against Sue D. Kauz contained in this information.

The words "then and there" as used in an information are words of reference. When time and place have once been named with certainty, it is sufficient to refer to them afterwards by these words. As to the principals Ellison and Rogers, this information charges that the offense was committed on a named date in Dade County, Florida. When it is charged later in the same count that Sue D. Kauz did "then and there" aid, counsel, etc., these words refer to the date and the county where the offence is alleged to have been committed, namely, Dade County, for the purpose of fixing time and venue. It is not sufficient as a charge that Sue D. Kauz was "present" aiding and abetting at the locality in Dade County where the offence was committed. The effect of the language is that the principals committed arson on a named date in Dade County and that Sue D. Kauz "then and there," that is, on said date and in Dade County, did aid, counsel and procure the said crime to be committed. The question of presence, actual or constructive, is the determinative factor between an accessory before the fact and a principal in the second degree. Such a vital element of distinction must be plainly charged, if it is intended to charge the defendant as a principal in the second degree. That it was the intention of the county solicitor to charge plaintiff in error as an accessory before the fact and not as a principal in the second degree is further indicated by the caption of the information which is styled "Information for arson and accessory to arson." Of course, the caption would not be controlling as against the body of the information, but it is significant neither did the State undertake to prove the presence, actual or constructive, of plaintiff in error at the scene of the crime so as to establish her guilt as a principal in the second degree.

Sec. 7111, C. G. L. 1927, provides that an accessory

before the fact may be indicted and convicted either with the principal felon or after his conviction, "or may be indicted and convicted of substantive felony, whether the principal has or has not been convicted, or is or is not amenable to justice." The effect of that section is that although the last clause of the section makes the offense of accessory before the fact indictable as a substantive offense, and triable without reference to whether the principal has been convicted or not, the first clause of the section clearly shows that the common law as to the indictment, trial and sentencing of accessories before the fact has not been repealed, and if the accessory is not indicted as for a substantive offense, but is indicted in the common law mode, the common law rules control as to the trial and punishment of the accessory. *Ex parte* Bowen, 25 Fla. 214, 6 So. R. 65; Montague v. State, 17 Fla. 662; Brown v. State, 82 Fla. 306, 89 So. R. 873.

The charge against Sue D. Kauz as an accessory before the fact in the information before us is of the dependent offense as at common law, and not of a substantive offense under the last clause of Sec. 7111, *supra*. She is charged *jointly* with the principals, and the information follows the usual common law form of allegation for charging one defendant as principal and the other with the dependent offense of being accessory before the fact. *Ex parte* Bowen, *supra*. Where, as here, the charge is of the dependent offense according to the mode of the common law, the conviction of the principal is an essential prerequisite to a judgment of guilt against such accessory. Bowen v. State, 25 Fla. 645, 6 So. R. 459. "Conviction" of the principal as here used means not merely a plea of guilty or a verdict of guilty by a jury but contemplates an *adjudication* of guilt by a court of competent jurisdiction. Dougherty v. State, 46 Fla. 109, 35 So. R. 397; 110

Am. St. R. 84; Killingsworth v. State, 90 Fla. 299, 105 So. R. 834.

When arraigned upon this joint information, the two principals pleaded guilty. Plaintiff in error pleaded not guilty. A severance was granted, and plaintiff in error was placed upon separate trial, which trial resulted in a verdict of guilty.

For its evidence as to the guilt as an accessory of Sue D. Kauz, the State relied entirely upon the testimony of the two principals, who testified that they actually prepared for and set the fire and that they did so upon the request of plaintiff in error and that she participated in such preparations, but was not present, nor in the vicinity, when the fire was set off. When asked what was done to make him confess one of the principals said: The (County) Solicitor "told him if he would tell about it, he would turn him loose instead of convicting him." He further testified that he believed the solicitor would "turn him loose" instead of convicting him. The other principal testified that the county solicitor "offered to release him if he would tell the truth about it, and that he would not talk or tell anything about it until Mr. Taylor (the county solicitor) made him the offer to release him." This principal further testified that the county solicitor "had promised him freedom and that he expected Mr. Taylor to fulfill his promise; that he relied upon his word that he would go free; and that he expected to go free."

The jury rendered a verdict of guilty as to Sue D. Kauz on January 10, 1929. The record discloses that after the overruling of a motion in arrest of judgment questioning the trial court's authority to impose an adjudication of guilt as an accessory upon plaintiff in error

before an adjudication of guilt as to the principals, the following further proceedings were had on January 14, 1929:

"The Court: The motion for new trial will be denied and exception noted.

Sue D. Kauz, the jury found you guilty of this. It will be the sentence of the law and the judgment of the court that you be confined in the State penitentiary for a period of two years.

Mr. Taylor: I ask that the Court permit the defendants, Roy Rogers and John Ellison to withdraw their plea of guilty and enter a plea of not guilty.

The Court: They can withdraw their plea of guilty and not enter a plea, if you are going to nolle prosse the case. Just let the record show that the plea of Roy Rogers and John Ellison is withdrawn, and then the State's Attorney can do as he pleases about it.

Mr. Taylor: Now, if the Court please, in compliance with my promise to these defendants, I file no case against Roy Rogers and John Ellison.

The Court: They will be discharged, Mr. Sheriff."

Where an accessory is indicted as for a substantive felony under Sec. 7111, *supra,* he may be tried and sentenced whether the principal has or has not been convicted. *Ex parte* Bowen, *supra.* But where, as here, the information charges the dependent offense in the mode of the common law, the common law rule is that the accessory can be tried with the principal or separately after his conviction, but he can not be tried before the principal unless he consents to be so tried. It is usual and proper to include them in the same indictment, and when they are tried together the jury must have found the principal guilty before the accessory could be convicted, for the crime of the latter is dependent upon the guilt of the

former. They may, however, be indicted separately. *Ex parte* Bowen, *supra;* Latham v. State, 88 Fla. 310, 102 So. R. 551.

Whether they be tried separately or together, however, when, as here, the offense charged is the dependent offense in the mode of the common law, and not of the substantive offense prescribed by the latter part of Sec. 7111, *supra,* the rule as to the judgment of guilt and the imposition of sentence on the accessory is thus plainly stated by Mr. Justice ELLIS, speaking for this Court in the recent case of Killingsworth v. State, *supra,* a case which involved an indictment for the dependent and not the substantive offense: ''An accessory may be placed on trial with his principal, and both may be found guilty by the jury, one as principal and the other as accessory, but before a judgment of conviction may be entered against the latter, the judgment must be entered against the former. It is true that the conviction of the principals is an essential prerequisite, except in certain cases, to the punishment of the accessory.'' This case is not within the exceptions referred to. As already pointed out, the term ''conviction'' as last above used embrace not merely the verdict of a jury or a plea of guilty, but a *judgment of conviction.*

In other words, an accessory indicted in the common law mode may be tried with the principal or thereafter and a verdict of guilty may be lawfully rendered as to the accessory before a *judgment* of guilt is actually pronounced upon the principal by the court. But before the court may lawfully pronounce an adjudication or judgment of guilt and consequent sentence upon the accessory, there must first have been a competent adjudication of guilt by the court as to the principal, and not merely a plea of guilty or a verdict of guilty by a jury.

From the proceedings of January 14, 1920, it is obvious

not only that there has never been any *judgment* of conviction against the principals Ellison and Rogers, but on the contrary, after the verdict of guilty as to the accessory, the principals were permitted to withdraw their former plea of guilty and the county solicitor thereupon entered a *nolle prosequi* against them and they were discharged by the court. Obviously, no judgment of conviction can now be pronounced upon the principals under this information. Since the accessory, plaintiff in error, is charged only with the dependent offense in the mode of the common law, it follows that no valid judgment of conviction can be entered against the accessory upon this information.

The judgment is reversed and the cause remanded with directions to discharge the defendant.

WHITFIELD, P. J., AND BUFORD, J., concur.

TERRELL, C. J. AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.