FORREST LAKE, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion filed July 29, 1930.

(Indictment No. 9)

Judgment reaffirmed November 28, 1930, after rehearing.

374

*Dickenson & Lake,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *M. B. Smith,* State Attorney, for Defendant in Error.

On Petition for Rehearing.

PER CURIAM.—Seminole County Bank of Sanford, Florida was closed August 6, 1927. Forrest Lake was president and A. R. Key was vice-president of said bank. In

February, 1928, A. R. Key as vice-president was indicted for making false entries in the books of said bank and Forrest Lake as president was indicted jointly with Key for aiding and abetting in making the said false entries. There was a severance as to Lake who was tried, convicted, and sentenced to serve three years in the state penitentiary. Writ of error was taken to this Court and the judgment below was reversed.

Petition for rehearing was seasonably entered by the defendant in error but without considering the said petition this Court of its own motion set the cause down for rehearing. At the outset we are confronted with the question of whether or not the state can ask for a rehearing in a criminal case. Plaintiff in error admits that it is competent for a court of its own motion to set any case down for rehearing but he contends that the state cannot request that it be done.

We do not think this contention is well grounded. A rehearing is a second consideration of a cause for the sole purpose of calling to the attention of the Court any error, omission or oversight that may have been committed in the first consideration. Jones v. Fox 23 Fla. 462, 2 So. R. 853.; Hull v. Burr 58 Fla. 475, 50 So. R. 768; Texas Company v. Davidson 76 Fla. 475, 80 So. R. 558. Rule twenty-five governing practice and procedure before this Court in effect provides that a rehearing must be applied for within thirty days from the filing of the judgment, decree or order of the Court, and the attention of the Court called thereto. It is not in terms limited to any specific class of cases and this phase of the rule appears not to have been previously considered by us. In State ex rel., Knauss v. Chillingworth, 88 Fla. 468, 103 So. R. 120 we upheld the right of the state to file a petition for rehearing in a criminal case prior to the going down of the

mandate. See also Lovett v. State 29 Fla. 384, 11 So. R. 176 where a motion to recall the mandate and reconsider the judgment previously entered was sustained.

We have examined the treatment of this question in many jurisdictions and the rule seems well nigh universal that, in the absence of statutory or constitutional provision controlling, prior to the adjournment of the term or other time fixed in which the cause passes beyond the jurisdiction of the Court and becomes final any court of record has full control over its judgment or decrees and can set them aside or reform them as it may deem right and legal. The rule applies to civil and criminal cases alike and may be effected on the Court's own motion or on being advised by any party in interest. Parker v. State *ex rel.*, Powell 133 Ind. 178, 32 N. E. R. 836; 33 N. E. R. 119; Burgess v. Commonwealth 136 Va. 697, 118 S. E. R. 273; People v. Gilbert 281 Ill. 619, 118 N. E. R. 196; State v. Jones 64 Ia. 349, 17 N. W. R. 911; 20 N. W. R. 470; Drake v. State 29 Texas App. 265, 15 S. W. R. 725; Powers· v. Commonwealth 114 Ky. 237, 70 S. W. R. 644, 1050. 71 S. W. R. 494; State v. Gee Jon 46 Nev. 418, 211 Pac. R. 676; 217 Pac. R. 587, 30 A. L. R. 1443; State v. Hazzard 76 Wash. 586, 137 Pac. R. 143; Ross v. State 16 Wyo. 285, 93 Pac. R. 299; 94 Pac. R. 217; People v. Northey 77 Cal 618, 19 Pac. R. 865; 20 Pac. R. 129. In Lovett v. State, *supra*, it was held that this Court does not lose jurisdiction of a cause after the mandate is transmitted to and filed by the lower court where the judgment was based on a misrepresentation of· the record of the cause. Under the common law courts had power to modify their judgments and decrees during the term at which they were rendered. We, therefore, approve the rule as here stated and adopted by other courts of last resort in this country.

It is next contended that the trial court erred in sustaining the state's demurrer to the defendant's plea in abatement. The plea in abatement as filed contained four separate pleas all of which were abandoned except the third which raised the question that eleven of the eighteen men composing the grand jury who returned the indictment against the defendant on which he was tried and convicted were interested and disqualified to serve on said grand jury because they were depositors and creditors of the Seminole County Bank, the closing of which precipitated the said indictment.

The state contends that the mere fact of being depositors in said bank would not disqualify the said grand jurors, that the plea in abatement is bad in form, and is totally lacking in the essential averments and prerequisites of such a plea, while the defendant relies on Section 5947, Rev. Gen. Stats. of 1920 (Section 8213, Comp. Gen. Laws of 1927) to sustain the said plea.

Section 5947, Rev. Gen. Stats. of 1920 (Section 8213, Comp. Gen. Laws of 1927) is as follows:

"All the provisions of law covering the qualifications, disqualifications, exemptions, drawing, summoning, supplying deficiencies in whole or in part and compensation and procurement of petit jurors shall apply to said Grand Jurors."

In Peoples v. State, 46 Fla. 101, 35 So. R. 223, this Court construed the statute as thus quoted and there held, "that all the provisions of law covering the qualifications, disqualifications, exemptions, drawing, *et cetera*, of petit jurors shall apply to grand jurors, is not to be construed as making all grounds of challenge to the favor applicable to a petit juror, grounds of disqualifications of a grand juror." It was further held in the Peoples case that the

qualifications and disqualifications referred to in Section 5947, Rev. Gen. Stats., related only to those generally applicable to all jurors. The disqualifications generally applicable to all jurors are specified in Section 2774, Rev. Gen. Stats. of 1920 (Section 4451, Comp. Gen. Laws of 1927).

This interpretation is well supported in law and reason. Section 5954, Rev. Gen. Stats. of 1920 (Section 8220, Comp. Gen. Laws of 1927) defines the only ground of challenge to the favor applicable to grand jurors in this state, Oglesby v. State, 83 Fla. 132, 90 So. R. 825, while Section 2692, Rev. Gen. Stats. of 1920 (Section 4359, Comp. Gen. Laws of 1927) defines those applicable to petit jurors. The general qualifications of grand and petit jurors are defined in Section 2771, Rev. Gen. Stats. of 1920 (Section 4443, Comp. Gen. Laws of 1927) while as stated above the general disqualifications are defined in Section 2774, Rev. Gen. Stats. of 1920 (Section 4451, Comp. Gen. Laws of 1927). These statutes we think evidence a clear intent on the part of the law-making power to define and distinguish the scope of the grounds for challenge as applied to petit jurors from that as applied to grand jurors and we think the distinction perfectly apparent. Aside from these considerations the very fundamental conception of the function of the two institutions supports this view. The grand jury is merely an inquisitorial and accusatorial body, it is not the ultimate fact finder but on the basis of *ex parte* testimony indicts or accuses one of crime. Its finding is not a verdict or judgment and no interest other than as defined by statute will so disqualify a member of the grand jury as to vitiate the indictments returned by it. Reed v. State, 94 Fla. 32, 113 So. R. 630. For these reasons the demurrer to the plea in abatement was properly sustained.

It is next contended that the trial court erred in overruling defendant's motion in arrest of judgment.

A motion in arrest of judgment goes to matters intrinsic on the face of the record which would render the judgment erroneous or reversible if entered. It cannot be made after the term at which the cause was tried and is not favored as a means of attacking defects in an indictment. Jones v. State, 75 Fla. 533, 78 So. R. 529. In the case at bar the motion in arrest of judgment alleges that the grand jury which indicted the defendant was drawn from a jury box which contained more names than were allowed by law, to wit: Seven Hundred and Seventy names, when the said jury box could legally contain a maximum of five hundred names.

Section 2772, Rev. Gen. Stats. of 1920 (Section 4444, Comp. Gen. Laws of 1927) in effect provides that the county commissioners of the several counties shall hold a meeting the first week in January of each year or as soon thereafter as practicable and at such other times as the circuit judge may order and select from the male persons qualified for jury service in the county not less than two hundred fifty nor more than five hundred names, which names shall be turned over to the clerk of the circuit court and by him placed in the jury box as required by Section 2776, Rev. Gen. Stats. of 1920 (Section 4453, Comp. Gen. Laws of 1927). The circuit judge is authorized to have new lists drawn when that drawn by the county commissioners is about to become exhausted. Section 2772, Rev. Gen. Stats. of 1920 (Sections 4444 and 4449, Comp. Gen. Laws of 1927).

The statutes (Section 2772, Rev. Gen. Stats. of 1920, Section 4444, Comp. Gen. Laws of 1927, and Section 2776, Rev. Gen. Stats. of 1920, Section 4453, Comp. Gen. Laws of 1927) do not expressly require that when the new list is made in January the old names remaining in the box shall be re-

moved before the new ones are placed in the box; but by requiring the new list each year in designated number and requiring that the said list be signed, sealed, and turned over to the clerk and by him recorded and their names written on separate slips of paper and folded so the name will be invisible and then deposited in the box to be securely locked and sealed and the key turned over to the sheriff to be held by him until the names are drawn for jury duty, we think means a separate and distinct list each January and excludes the idea that the law-makers· intended that the old names remaining in the box might be carried over from year to year and mingled with the new list. If the old names are carried forward from year to year the same names would occur on different slips, jurors in one list might appear on another and in many counties there would in a few years be an abnormal accumulation of names in the jury box. In the absence of an express requirement that the names left in the box be carried over from year to year we hold that the box must be emptied each January when the new list are drawn. State v. Welch, 36 W. Va. 690, 15 S. E. R. 419, 35 C. J. 267.

The law is well settled in this state that a challenge to the array after trial and verdict by motion in arrest comes too late. All objections to the legality of grand jurors must be raised by plea in abatement to the indictment before pleading in bar. By pleading in bar the defendant waives all irregularities that may have been taken advantage of by plea in abatement. Such irregularities cannot be taken advantage of by motion in arrest of judgment or motion for a new trial. Gladden v. State, 13 Fla. 623; Burroughs v. State, 17 Fla. 643, text 661; Colson v. State, 51 Fla. 19, 40 So. R. 183; Green v. State, 60 Fla. 22, 53 So. R. 610, text 611; Hicks v. State, 97 Fla., 199, 120 So. R. 330.

It is next contended that the plaintiff in error having been indicted as accessory before the fact, it was error to place him on trial without the principal felon, A. R. Key, the said Key not having been previously convicted.

It is true that at common law the conviction of the principal felon must precede or accompany that of one charged as being accessory before the fact.   Kauz v. State, 98 Fla. 687, 124 So. R. 177.  In most states, however, statutes now make the offense of accessory substantive and independent and provide that the accessor when indicted for a substantive felony may be tried at the time of or independently of the principal felon.  Section 5009 Rev. Gen. Stats. of 1920 (Section 7111 Comp. Gen. Laws of 1927). Wharton's Criminal Law, Vol. 1, p. 349. We are not confronted with this question here because the plaintiff in error was not charged as being accessory before the fact. He was charged as aiding and abetting the said A. R. Key the said false entry to make contrary to Section 5150 Rev. Gen. Stats. of 1920 (Section 7251 Comp. Gen. Laws of 1927) which Statute makes aiding and abetting, without regard to presence when the false entry is made, a substantive offense and punishes the aider and abettor in like manner as the principal. It was not necessary to enumerate the acts which constituted the aiding and abetting. Coffin v. United States, 156 U. S. 432, 15 Sup. Ct. Rep. 394, 39 L. Ed. 481; Evans v. United States, 153 U. S. 584, 14 Sup. Ct. Rep. 934, 939, 38 L. Ed. 830; United States v. Berry, 96 Fed. 842; Gallot v. United States, 87 Fed. 446.  These cases construe indictments under the Federal Statute covering the same subject matter as Section 5150, Rev. Gen. Stats., *supra*.

This Court is also committed to the rule that persons participating in a crime are principals in the first or second degree.  A principal in the first degree is the immediate

perpetrator of the crime while a principal in the second degree is one who did not commit the crime with his own hands but was present aiding and abetting the principal. The principal in the second degree being charged with the same degree of guilt as the perpetrator. Albritton v. State 32 Fla. 358, 13 So. R. 955; Montague v. State, 17 Fla. 662; Green v. State, 40 Fla. 191, 23 So. R. 851; Elliot v. State, 77 Fla. 611, 82 So. R. 139; Brown v. State, 82 Fla. 306, 89 So. R. 873; Whiting v. State, 97 Fla. 693, 122 So. R. 2. Plaintiff in error being charged with a substantive offense was principal in the second degree.

The evidence has been examined and found sufficient to support the verdict. Other questions raised have also been examined but we find no reversible error.

Affirmed on rehearing.

TERRELL, C. J., and WHITFIELD, ELLIS, STRUM, BROWN and BUFORD, J. J., concur.

ELLIS, J:—I think that the indictment in this case failed to charge this defendant Lake with a substantive offense. Assuming this indictment to be good as considered by this Court I agree to the opinion as prepared.

PER CURIAM.—A petition for rehearing on behalf of the plaintiff in error having been granted in this cause, and same having been duly considered, and the Court having also considered briefs and argument of counsel for the respective parties, and being now advised of its judgment to be given in the premises, it is considered, ordered and adjudged by the Court that the judgment of the Circuit Court in this cause be and the same is hereby re-affirmed.

TERRELL, C. J., AND WHITFIELD, STRUM AND BROWN, J. J., concur.

ELLIS AND BUFORD, J. J., dissent.

BUFORD, J., Dissenting: After careful consideration of matters and things appearing in the record which were pointed out and brought specifically to the attention of the Court by arguments and briefs on rehearing, I am convinced that the demurrer to the indictment should have been sustained. That when the demurrer was overruled and motion filed asking that the State be required to furnish a bill of particulars, it was an abuse of discretion to overrule and deny the motion which should have then been granted.

I think that the insufficiencies in the indictment were such that they might have been waived by the defendant in not filing a motion to quash or a demurrer, or, failing to file either, then in not filing a motion for bill of particulars. When, however, the vagueness and uncertainties of the allegations of the indictment were objected to by demurrer and when the demurrer had been overruled, such deficiencies were sought to be supplemented by requiring a bill of particulars such defects were not waived, and, in the denial of the motion error prejudicial to the accused occurred. The defendant was entitled to be advised upon what acts the State would rely to constitute proof of guilt of the crime sought to be alleged.

In the case of Rast v. State, 79 Fla. 772, 84 So. R. 683, Mr. Justice ELLIS, speaking for the Court, says:

"In the case of Thomas v. State, 74 Fla. 200, 76 So. R. 780, we said that the right of a defendant to demand a bill of particulars and of the court to direct one independent of express statutory authority may be con-

sidered as settled in this State. See also Thalheim v. State, 38 Fla. 169, 20 So. R. 938; Brass v. State, 45 Fla. 1, 34 So. R. 307; Mathis v. State, 45 Fla. 46, 34 So. R. 287; Ellis v. State, 74 Fla. 215, 76 So. R. 698. It is unnecessary to repeat here the court's reasoning by which it arrived at that conclusion. Mr. Justice LIDDON, in speaking for the Court in the Thalheim case, quoted from the case of State v. Rowe, 43 Vt. 265, in which the court said: 'That the rule was made with the view of satisfying the provision of the 10th Article of the Bill of Rights of our State Constitution, which gives the accused in all prosecutions for criminal offenses a right "to demand the cause and nature of his accusation." ' Any other view of the law, this court said, would be in conflict with that section of the Bill of Rights of our State Constitution. See Sec. 11, Bill of Rights.''

In the case of Thomas v. State, 74 Fla. 200, 76 So. R. 780, this Court say:

"In a criminal prosecution where a bill of particulars is seasonably applied for and reasonably demanded, the matter of requiring the State Attorney to supply it rests largely within the Court's discretion; but that discretion is subject to review, and where the denial of the application may result in defeating justice, it will be treated as reversible error."

It is also my view that while the evidence contained in this record is sufficient to show that Forrest Lake disregarded many statutes of the State of Florida in regard to banking, and violated the provisions thereof in such manner as to render himself amenable to prosecution for such violations, this record fails to show that he was guilty

of that particular act which is denounced by the statute and which is attempted to be charged in this indictment in that it fails to show that he aided or abetted the other officer of the bank named in the indictment in the making of a false entry in the books of the bank with the intent, by such entry, either to defraud the bank or to deceive the Comptroller or his agents.

It is my view that it is of supreme importance to observe the settled rules and requirements of the law in accomplishing a conviction and that the State jealously guard the rights of its citizens to the end that when charged with a crime a citizen should have a fair and impartial trial, being fully advised by the pleadings of the act which the State relies upon as constituting the criminal conduct and that the evidence should establish the commission by the accused of the act charged by competent and substantial evidence.

For the reasons stated, I think the judgment in this case should be reversed and the cause remanded.

ELLIS, J., concurs.