## M. M. NEUMANN v. STATE.

156 So. 237.

En Banc.

Opinion Filed August 4, 1934.

*James M. Carson* and *George A. Worley,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

DAVIS, C. J.—M. M. Neumann, the plaintiff in error, was convicted on two counts of an information charging him with a violation of Sections 7405-7406 C. G. L., 5285-5286 R. G. S., and sentenced therefor to imprisonment in the state prison for a period of five years. The case is now before us on writ of error to the judgment aforesaid.

The counts of the information upon which the judgment of conviction was rendered were as follows:

"And the said Fred Pine, County Solicitor for the County of Dade, prosecuting for the State of Florida, in the said county, under oath, further information makes that Emory Burton, Bunny Rogers and Warren D. Fletcher, of the County of Dade and State of Florida, on the 23rd day of March, in the year of our Lord one thousand nine hundred and thirty-three, in the county and State aforesaid, did then and there wilfully and maliciously, by the explosion of certain explosive substance, to-wit, dynamite, a further and more particular description of which said substance is to the County Solicitor unknown, unlawfully injure a certain one-story concrete block stucco building located at No. 2343 Northwest Seventh Avenue, in the City of Miami, Dade County, Florida, then and there the property of Pearl Estell Fox and Louis M. Fox, who were then and there occupying and doing business in said building under the firm name of Star Cleaners and Dyers, a further and more particular description of the ownership, possession and occupancy of said building being to the County Solicitor unknown, and that the said M. M. Neuman, Leila M. Rumbaugh and W. D. Rumbaugh did then and there aid in the commission of the felony aforesaid, by counseling, hiring and otherwise procuring the commission thereof, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Florida."

"And the said Fred Pine, County Solicitor for the County of Dade, prosecuting for the State of Florida, in the said county, under oath, further information makes that Emory Burton, Bunny Rogers, and Warren D. Fletcher, of the County of Dade and State of Florida, on the 23rd day of March, in the year of our Lord one thousand nine hundred and thirty-three, in the county and State aforesaid, did then and there wilfully and maliciously throw into, against, and upon, and put, place, and explode, and cause to be exploded,

in and upon a certain one story concrete block stucco building located at No. 2343 Northwest Seventh Avenue, in the City of Miami, Dade County, Florida, then and there the property of Pearl Estell Fox and Louis M. Fox, who were then and there occupying and doing business in said building under the firm name of Star Cleaners and Dyers, a further and more particular description of the ownership, possession and occupancy of said building being to the County Solicitor unknown, certain explosive substance, to-wit, dynamite, a further and more particular description of which said substance is to the County Solicitor unknown, with intent unlawfully to destroy and injure said building, and any person and property therein, and that said M. M. Neuman, Leila M. Rumbaugh and W. D. Rumbaugh, did then and there aid in the commission of the felony aforesaid, by counseling, hiring, and otherwise procuring the commission thereof, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."

Motion was made to quash the information and each and every count thereof severally on the ground that no count of such information charges any crime under the laws of Florida against the defendant, M. M. Neumann, who interposed the motion. The motion to quash was overruled and the case proceeded to trial. It is unnecessary to consider any of the assignments of error except that relating to the sufficiency of the information as against Neumann.

Section 7110 C. G. L., 5008 R. G. S., reads as follows: "Whoever aids in the commission of a felony, or is accessory thereto, before the fact, by counseling, hiring or otherwise procuring such felony to be committed, shall be punished in the same manner prescribed for the punishment of the principal felon."

This section not only prescribes the manner in which the accessory before the fact to felony shall be punished, but it also defines an accessory before the fact to a felony. It is contended on behalf of the State in its brief filed in support of the affirmance of the judgment that the information was designed to charge the defendant Neumann as an accessory before the fact and not as a principal in the second degree. We therefore inquire whether or not the information is fatally defective as a charge against Neumann of being an accessory before the fact to the commission of the felony otherwise described in the two counts of the information upon which he was convicted. It is pertinent to add that the Judge of the court below dealt with Neumann in his judgment of conviction as having been convicted as an accessory before the fact, and not as a principal in the second degree.

In both the second and fourth counts of the information, the stated charge against Neumann is that he did "then and there aid in the commission of the felony aforesaid," after which it is further alleged that the manner of his aiding in the commission of the felony was by "counseling, hiring and otherwise procuring the commission thereof.

There is under the common law and under our statutes a clear and marked distinction between a principal in the second degree and an accessory before the fact. The effect of Section 7110 C. G. L., 5008 R. G. S., is not to do away with the common law distinction between principals in the second degree and accessories before the fact, but merely to provide for the punishment of each of them in like manner as the principal felon is provided to be punished.

A person charged with a felony, whether as principal in the first or second degree or as accessory before or after the fact, is entitled to have the charge so stated against him

in an indictment or information as to protect him after conviction or acquittal from substantial danger of a new prosecution for the same offense, and he is likewise entitled to have the charge so stated against him that it will not appear so vague, indistinct and indefinite as to mislead him and embarrass him in the preparation of his defense to the charge as stated. See Section 8369 C. G. L., 6064 R. G. S.

A casual reading of the two counts upon which Neumann was convicted will demonstrate that it is not at all clear whether it was intended to charge the defendant Neumann with being present as a principal in the second degree, or as being absent but guilty as an accessory before the fact, because of his alleged aid in hiring, counseling or procuring the commission of the felony described in these two counts.

An accessory before the fact is one who is absent at the time of the commission of a felony, but who has beforehand counseled, hired or otherwise procured the perpetrator to commit it as defined in Section 7110 C. G. L., 5008 R. G. S. A principal in the second degree is one who "aids in the commission of a felony" as referred to in Section 7110 C. G. L., *supra,* by being present, aiding and abetting the commission of the felony at the time it is perpetrated. The latter's presence at the time of commission of the crime may be actual or constructive. Kauz v. State, 98 Fla. 687, 124 Sou. Rep. 177; Albritton v. State, 32 Fla. 358, 13 Sou. Rep. 955.

In the case at bar, the two counts of the information upon which Neumann was convicted and sentenced are as much susceptible to the construction that Neumann was present, aiding in the commission of the felony charged in the information, by counseling, hiring and otherwise procuring the commission thereof, as that he was absent but had

counseled, hired and otherwise procured the principal offender, the said felony to do and commit. For this reason the two counts of the information in controversy are so vague, indefinite and indistinct as to mislead the accused on the score of whether or not he is charged as a principal in the second degree or as an accessory before the fact. Therefore, each count of the information was subject to the motion to quash which should have been granted.

The provisions of Section 7110 C. G. L., 5008 R. G. S., that whoever aids in the commission of a felony, *or is* accessory thereto, before the fact, by counseling, hiring or otherwise procuring such felony to be committed, shall be punished in the same manner prescribed for the punishment of the principal felon, in effect makes an accessory before the fact a principal insofar as the consequences of his crime are concerned, but because of the clear distinction which is preserved in the common law and by our statutes between principals and accessories, it is essential that in charging one as accessory before the fact, that the distinction between principals and accessories be preserved in the manner of stating the charge. This is so, because one charged as an accessory before the fact to a felony cannot, unless charged with a substantive offense under the statute, be tried before the principal offender is tried, nor can he be sentenced before the principal has been sentenced. Keech v. State, 15 Fla. 591; Killingsworth v. State, 90 Fla. 299, 105 Sou. Rep. 834. It is also indispensable that an accessory before the fact be convicted of the same grade of offense as the principal felon where the offense may be of different grades. Thomas v. State, 73 Fla. 115, 74 Sou. Rep. 1.

Where an accessory before the fact is not indicted or informed against under Section 7111 C. G. L., 5009, R. G. S.,

as for a substantive offense, but is indicted or informed against in the common law mode, which is permissible under our statutes, the common law rule controls as to the manner of stating the charge, trial and punishment of such accessory before the fact. Kauz v. State, supra; Ex Parte Bowen, 25 Fla. 214, 6 Sou. Rep. 65; Montague v. State, 17 Fla. 662; Brown v. State, 82 Fla. 306, 89 Sou. Rep. 873.

On the other hand, a principal in the first degree and a principal of the second degree are punishable alike, both being equally guilty, and the court may, in its discretion, try the principal in the second degree before the principal in the first degree. Nor is it material which one is alleged to have actually committed the felonious act, if it is duly proven that one committed the act and that the other was present and aided and abetted the alleged felony. Pope v. State, 84 Fla. 428, 94 Sou. Rep. 865.

In the case at bar had the two counts of the information alleged that Neumann "before the commission of said felony did then and there counsel, hire and procure the said Burton, Rogers and Fletcher, the felony aforesaid in the manner and form aforesaid, to do and commit," instead of alleging that he "aided" in the commission of the felony by counseling, hiring and otherwise procuring the commission thereof (thereby implying his presence at its commission), the criticism of vagueness and indefiniteness to which we have held the information to be subject would not be applicable, and the information would then be a sufficient charge that Neumann was an accessory before the fact.

Other assignments of error are argued, but inasmuch as they may not occur upon another trial of the cause they will not be discussed, except to call attention to the fact that a charge on the subject of entrapment is not authorized in a case where the defendant interposed no such defense but

is specifically contending that he neither committed nor participated in the offense charged. Abstract charges which by reason of their nature are likely to mislead the jury are erroneous. Scott v. State, 64 Fla. 490, 60 Sou. Rep. 355, and cases cited.

Judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.