MOSE PENNY v. STATE.

191 So. 190
Division B
Opinion Filed September 29, 1939

156

C. N. *Ashmore* and *W. C. Hodges,* for Plaintiff in Error;
*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

BROWN, J.—The first count in the indictment in this case charged Central Holmes with the first degree murder of Lenora Reed, by shooting her with a pistol. The second count, upon which this plaintiff in error was tried, charged him with being an accessory before the fact to the commission of the crime charged in the first count The third count charged him with being an accessory after the act, or attempting to do so, but this count was quashed by the court on motion of the defendant.

Said second count charged that plaintiff in error "before the commission of the crime aforesaid in manner and form aforesaid * * * by the said Central Holmes, did feloniously and from a premeditated design to effect the death of said Lenora Reed, counsel, aid, incite and procure the said Central Holmes to commit the crime aforesaid, to wit: * * *"

This count manifestly charged the defendant with being an accessory before the fact. It charges that, before the commission of the crime, he did counsel, aid, incite and procure Central Holmes to commit such crime. In spite

of the fact that this count embraces the word "aid," this does not transform it into an indictment against this plaintiff in error, Mose Penny, as a principal in the second degree, because said count nowhere charges that the accused was *present,* either actually or constructively, when the offense was committed. *Per contra,* it charges that what was charged against him was done "before the commission of the crime aforesaid." That it was the intention of the draftsman of the indictment to charge plaintiff in error as an accessory before and after the fact is also indicated by the title or hearing of the indictment.

Central Holmes and plaintiff in error, Mose Penny, were tried together and the verdict of the jury which was a single verdict, found them both guilty of murder in the second degree. Therefore plaintiff in error was convicted of an offense with which he was not charged in the indictment. This defect in the verdict was raised by a motion for a new trial and later the same point was raised by a motion in arrest of judgment, both of which motions were overruled.

In the case of Kauz v. State, 98 Fla. 687, 124 So. 177, this Court, speaking through Mr. Justice STRUM, said:

"An accessory before the fact is one who, though absent at the time of the commission of an offense, does nevertheless procure, counsel, command or abet another to commit such offense. A principal in the second degree is one who is *present* aiding and abetting at the commission of a felony. Albritton v. State, 32 Fla. 358, 13 So. 955. The presence at the crime of a principal in the second degree may be either actual or constructive. Pope v. State, 84 Fla. 428, 94 So. 965."

In that case the information as here, also, embraced the word "aid" as well as the words "counsel and procure," but

the Court held that inasmuch as the information did not charge that the defendant was present, it was not sufficient to charge the defendant as a principal in the second degree, and that the words "then and there" used in the information were mere words of reference, referring to the date and the county where the offense was alleged to have been committed and were not sufficient to charge that the defendant was present aiding and abetting at the locality in the county where the offense was committed. It was also stated in the opinion in that case, which was concurred in by all the members of the Court, that the first clause in Section 7111, C. G. L. "clearly shows that the common law as to the indictment, trial and sentencing of accessories before the fact has not been repealed, and if the accessory is not indicted as for a substantive offense, but is indicted in the common-law mode, the common-law rules control as to the trial and punishment of the accessory. *Ex parte* Bowen, 25 Fla. 214, 6 So. 65; Montague v. State, 17 Fla. 662; Brown v. State, 82 Fla. 306, 89 So. 873."

It was also said in that case: "That it was the intention of the county solicitor to charge plaintiff in error as an accessory before the fact and not as principal in the second degree is further indicated by the caption of the information which is styled 'information for arson and accessory to arson.' Of course, the caption would not be controlling as against the body of the information, but it is significant that neither did the State undertake to prove the presence, actual or constructive, of plaintiff in error at the scene of the crime so as to establish her guilt as a principal in the second degree." Now in this case, Mose Penny and several other persons were present at the time Lenora Reed was shot and killed by Central Holmes, but none of them testified that Mose Penny in any way aided or abetted Central

Holmes in the commission of the crime. Indeed, their testimony was to the contrary, including that of Central Holmes himself, who testified that Mose Penny had nothing whatever to do with it, either at the time, or before; nor did he take any part in the altercation leading up to the shooting. The only suspicious circumstances which the testimony showed was that Mose Penny did have a knife in his hand with the blade pointing toward his elbow, his arm being down by his side, but there was no testimony that he made any effort to use the knife or any motion which indicated an intention to use it. So if he had been indicted as principal in the second degree it is extremely doubtful that the evidence would have been sufficient to sustain his conviction on that charge. Probably it was the realization of this fact which caused the grand jury to indict him as an accessory before the fact, but the evidence to sustain that charge was likewise very weak and unsatisfactory.

In the case of Neumann v. State, 116 Fla. 98, 156 So. 237, this Court, speaking unanimously through Mr. Chief Justice DAVIS, had this to say:

"There is under the common law and under our statutes a clear and marked distinction between a principal in the second degree and an accessory before the fact. The effect of Section 7111 C. G. L., 5008 R. G. S., is not to do away with the common-law distinction between principals in the second degree and accessories before the fact, but merely to provide for the punishment of each of them in like manner as the principal felon is provided to be punished.

"A person charged with a felony, whether as principal in the first or second degree or as accessory before or after the fact, is entitled to have the charge so stated against him in an indictment or information as to protect him after conviction or acquittal from substantial danger of a new

prosecution for the same offense, and he is likewise entitled to have the charge so stated against him that it will not appear so vague, indistinct and indefinite as to mislead him and embarrass him in the preparation of his defense to the charge as stated. See Section 8369 C. G. L., 6064 R. G. S. * * *

"An accessory before the fact is one who is absent at the time of the commission of a felony, but who has beforehand counseled, hired or otherwise procured the perpetrator to commit it, as defined in Section 7110 C. G. L., 5008 R. G. S. A principal in the second degree is one who 'aids in the commission of a felony' as referred to in Section 7110 C. G. L., *supra*, by being present, aiding and abetting the commission of the felony at the time it is perpetrated. The latter's presence at the time of commission of the crime may be actual or constructive. Kauz v. State, 98 Fla. 687, 124 Sou. Rep. 177; Albritton v. State, 32 Fla. 358, 13 So. Rep. 955. * * *

"The provisions of Section 7110 C. G. L., 508 R. G. S., that whoever aids in the commission of a felony, *or* is accessory thereto, before the fact by counseling, hiring or otherwise procuring such felony to be committed shall be punished in the same manner prescribed for the punishment of the principal felon, in effect makes an accessory before the fact a principal insofar as the consequences of his crime are concerned, but because of the clear distinction which is preserved in the common law and by our statutes between principals and accessories, it is essential that in charging one as accessory before the fact, that the distinction between principals and accessories be preserved in the manner of stating the charge. This is so, because one charged as an accessory before the fact to a felony cannot, unless charged with a substantive offense under the statute, be tried before

the principal offender is tried, nor can he be sentenced before the principal has been sentenced. Keech v. State, 15 Fla. 591; Killingsworth v. State, 90 Fla. 299, 15 Sou. Rep. 834. * * *

"When an accessory before the fact is not indicted or informed against under Section 7111 C. G. L., 5009 R. G. S., as for a substantive offense, but is indicted or informed against in the common-law mode, which is permissible under our statutes, the common-law rule controls as to the manner of stating the charge, trial and punishment of such accessory before the fact. Kauz v. State, *supra; Ex parte* Bowen, 25 Fla. 214, 6 Sou. Rep. 65; Montague v. State, 17 Fla. 662; Brown v. State, 82 Fla. 306, 89 Sou. Rep. 873."

The plaintiff in error in this case having been indicted as an accessory before the fact, and not as a principal in either degree, the verdict of the jury finding him guilty as a co-principal (or perhaps in legal effect, as a principal in the second degree), was a fatally defective verdict as to this plaintiff in error, and the motions raising this point should in our opinion have been sustained.

The Constitution guarantees to every accused person, including of course this young negro man, the right to know "the nature and cause of the accusation against him," and it necessarily follows that the accused cannot be indicted for one offense and convicted and sentenced for another, even though the offenses are closely related and of the same general nature or character and punishable by the same grade of punishment.

For the reasons above pointed out the judgment of conviction of the crime of murder in the second degree, in so far as this plaintiff in error was concerned, must be and the same is hereby reversed.

Reversed.

Buford and Thomas, J. J., concur.

Whitfield, P. J., and Chapman, J., agree to conclusion.

Chief Justice Terrell not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.