DAN SMITH, *Plaintiff in Error, v.* THE STATE OF FLOR-IDA, *Defendant in Error.*

Opinion filed January 31, 1916.

Where an indictment for being accessory after the fact charges that the defendant, with intent that another felon should escape detection, arrest, trial, and punishment, did maintain and assist such felon by then and there agreeing, etc., with

no allegation that the means specifically stated as being used were used with the intent made an essential element of the statutory offense, the indictment is fatally defective.

Writ of Error to Circuit Court, Jackson County; D. J. Jones, Judge.

Judgment reversed.

*W. H. Price* and *John H. Carter,* for Plaintiff in Error;

*T. F. West, Attorney General,* and *C. O. Andrews, Assistant,* for the State.

WHITFIELD, J.—This writ of error was taken to a judgment of conviction of the offense of accessory after the fact on the following count of the indictment: "The grand jurors of the State of Florida, lawfully selected, empanelled, sworn and inquiring in and for the body of the County of Jackson, State of Florida, upon their oaths as Grand Jurors as aforesaid do present that one Levi Hart, late of the County of Jackson, State of Florida, on the tenth day of May, A. D. 1914, at and in the said County of Jackson, State of Florida, then and there being, did then and there unlawfully kill one Sylvester Hart, a human being, by then and there unlawfully and from and with a premeditated design to effect the death of the said Sylvester Hart shooting the said Sylvester Hart in and upon the head with a certain pistol then and there charged and loaded with gun powder and certain leaden balls, which said pistol so charged and loaded he, the said Levi Hart, then and there had and held in his hands; and that the said Levi Hart then and there by means of

shooting the said Sylvester Hart in and upon the head with said pistol so charged and loaded, did then and there unlawfully and from and with a premeditated design to effect the death of the said Sylvester Hart give to and inflict upon the said Sylvester Hart in and upon his head one mortal wound with one of the said leaden balls aforesaid then and there shot out of and discharged from the said pistol as aforesaid, of which said mortal wound then and there given to and inflicted upon the said Sylvester Hart by the said Levi Hart in the manner and by the means aforesaid, the said Sylvester Hart then and there died; and the grand jurors aforesaid upon their oaths as grand jurors as aforesaid do say that the said Levi Hart did then and there in the manner and by the means aforesaid unlawfully and from and with a premeditated design to effect the death of the said Sylvester Hart kill and murder him, the said Sylvester Hart; and the grand jurors aforesaid upon their oaths as aforesaid do say that after the killing of the said Sylvester Hart by the said Levi Hart in the manner and by the means aforesaid one Dan Smith who then and there knew that the said Levi Hart had killed the said Sylvester Hart from and with a premeditated design so to do, and the said Dan Smith then and there not standing in the relation of husband or wife, parent or grandparent, child or grandchild, brother or sister, by consanguinity or affinity, to the said Levi Hart, did then and there in Jackson county, Florda, on the tenth day of May, 1914, with intent that the said Levi Hart should avoid and escape detection, arrest, trial and punishment, maintain and assist the said Levi Hart, and did unlawfully give to the said Levi Hart aid by then and there agreeing and consenting to keep his mouth shut, and not to divulge the fact

that the said killing had occurred, and to assist the said
Levi Hart in keeping from the public and from the of-
ficers the fact that the said Levi Hart had committed
the murder as aforesaid, and that the said Dan Smith
did in fact aid and assist the said Levi Hart, after know-
ing that the said Levi Hart had committed the said mur-
der, by then and there telling to the public and to the of-
ficers that he did not know who committed the offense
of killing the said Sylvester Hart; and the grand jurors
aforesaid upon their oaths as aforesaid do say that the
said Dan Smith was then and there an accessory after the
fact to the killing of the said Sylvester Hart in the man-
ner and by the means aforesaid; contrary to the form of
the statute in such cases made and provided to the evil
example of all others in like case offending and against
the peace and dignity of the State of Florida."

A motion in arrest of judgment, on the ground that
the count of the indictment on which the conviction was
had is fatally defective, was overruled and error is as-
signed thereon. The Statute defining the offense is as
follows:

"Whoever, not standing in the relation of husband
or wife, parent or grandparent, child or grandchild,
brother or sister, by consanguinity or affinity to the of-
fender, maintains or assists the principal or accessory be-
fore the fact, or gives the offender any other aid, know-
ing that he has committed a felony or been accessory
thereto before the fact, with intent that he shall avoid or
escape detection, arrest, trial or punishment, shall be
deemed an accessory after the fact, and be punished by
imprisonment in the State prison not exceeding seven
years, or in the county jail not exceeding one year, or by

fine not exceeding one thousand dollars." §3180 Gen. Stats. 1906, Compiled Laws 1914.

It may not have been necessary for the State to allege in the indictment the manner in which the principal felon was maintained or assisted or aided by the accused, but as the particulars were given the means used and the accompanying intent should be of such a nature as to show the commission of the offense as defined by the Statute. See State v. Mahan, 2 Ala. 349; 2 Bishop's New Crim. Pro. (2 Ed.) § 621; Hearn v. State, 43 Fla. 151, 29 South. Rep. 433.

In this case it is alleged that the offense was committed "by then and there agreeing and consenting to keep his mouth shut, and not to divulge the fact that the said killing had occurred, and to assist the said Levi Hart in keeping from the public and from the officers the fact that the said Levi Hart had committed the murder aforesaid, and that the said Dan Smith did in fact aid and assist the said Levi Hart, after knowing that the said Levi Hart had committed the said murder, *by* then and there telling to the public and to the officers that he did not know who committed the offense of killing the said Sylvester Hart."

If it be conceded that the means alleged as having been used when done "with intent that" the principal felon "shall avoid or escape detection, arrest or punishment," would constitute the crime, there is no allegation that the means alleged were used with the statutory "intent" which is an essential element of the offense as defined. The preceding allegation that the accused did "with intent that the said Levi Hart should avoid and escape detection, arrest, trial and punishment, maintain and assist the said Levi Hart, and did unlawfully give

to the said Levi Hart aid," does not suffice as an allegation of the essential statutory intent, when it is alleged that the principal felon was aided and assisted by stated means and the intent with which the means were used is not alleged. If the aiding was done *by* certain acts the requisite intent must accompany the acts. The allegations as to the means used cannot be regarded as useless or meaningless surplusage not prejudicial to the defendant as in Hodge v. State, 26 Fla. 11, 7 South. Rep. 593, since it is specifically alleged that the aiding was done by means particularly stated. Such allegations create repugnancy in the indictment. See 12 Standard Ency. Proc. 339.

As the indictment is materially repugnant and defective, the motion in arrest of judgment should have been granted and the judgment is reversed.

TAYLOR, C. J., and SHACKLEFORD and ELLIS, JJ., concur.

COCKRELL, J., absent by reason of sickness. ·