JOHN TEDDLETON v. STATE.

178 So. 909.

Division B.

Opinion Filed January 31, 1938.

*Donald Walker* and *A. Edwin Shinholser,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

CHAPMAN, J.—On January 5, 1937, an information was filed against plaintiff in error in the Criminal Court of Record of Orange County, Florida, consisting of two counts. The first count charged murder in the second degree for the unlawful killing of one John Willis in Orange County, Florida, on November 8, 1936. The second count charged the negligent killing of John Willis in Orange County, Florida, on November 8, 1936. The defendant was without funds and the court appointed an attorney to represent him. The defendant pleaded not guilty to each count of the information on the 11th day of January and was on the same day placed on trial, when the verdict of manslaughter was rendered and a final judgment of imprisonment entered thereon for a period of ten years in the State Penitentiary. From this judgment of conviction and sentence a writ of error was taken to this Court, and a number of assignments presented for a reversal of the judgment.

Assignments of error numbered 3, 4 and 5 challenge separate instructions to the jury by the Court on the law applicable to the facts established. We have examined the bill of exceptions for exceptions to each of these charges, allowed by the lower court and certified under date of March 17, 1937, but the bill of exceptions so certified by the trial court and the transcript bearing the certificate of the Clerk of the Criminal Court of Record for Orange County, Florida, fail to show an exception to either charge assigned as error. This Court in an unbroken line of decisions has held that instructions to the jury will not be

reviewed unless excepted to. See Williams v. State, 32 Fla. 251, 13 Sou. Rep. 429.

We have examined the motion for a new trial made by defendant below for the instructions assigned here as 3, 4 and 5, but neither of these assignments is incorporated in or made a ground, or grounds, of the motion for a new trial. In Bynum v. State, 46 Fla. 142, 35 Sou. Rep. 65, this Court held that objections to charges not taken at the time the charges were given, nor embraced in the motion for a new trial, will not be considered.

Assignment number 2 is the refusal of the lower court to give the following requested charge by the defendant: "The jury are further instructed that you cannot decide this case on mere theory, be it presented by the State or the defendant, but you gentlemen are to make your decision according to the facts before you."

We think the requested charge, *supra,* is fully covered by other instructions given by the court below and no error was committed in refusing the requested instruction.

The transcript shows the information was filed on January 5, 1937. The defendant was arraigned and filed a plea of not guilty on January 11, 1937; a jury was selected, evidence taken, arguments presented by counsel and the jury rendered its verdict on January 11, 1937. The defendant in his motion for a new trial incorporates in and makes a part thereof affidavits of Donald Walker, Willie Ford, Hawthorn Guinyard, and Ivory Willis. An examination of these affidavits, considered as a whole indicates that additional evidence is likely upon a retrial of the cause to produce a different verdict. The defendant and counsel should have been granted an opportunity to adduce the evidence contained in the affidavits when the cause was tried by a jury.

In the consideration of the entire record we are not satisfied that the defendant and counsel were ready or prepared for trial on January 11, 1937. In the case of Coker v. State, 82 Fla. 5, text p. 7, 89 Sou. Rep. 222, this Court held that a person accused of crime should be allowed a reasonable length of time in which to prepare a defense when they are brought before the court to answer the charges preferred against them. The Court said:

"Justice requires and it is the universal rule observed in all courts of this country it is most sincerely to be hoped, that reasonable time is afforded to all persons accused of crime in which to prepare for their defense. A judicial trial becomes a farce, a mere burlesque, and in serious cases a most gruesome one at that, when a person is hurried into a trial upon an indictment charging him with a high crime without permitting him the privilege of examining the charge and time for preparing his defense. It is unnecessary to dwell upon the seriousness of such an error, it strikes at the root and base of constitutional liberties, it makes for a deprivation of liberty or life without due process of law, it destroys confidence in the institutions of free America and brings our very government into disrepute. There is some intimation in the bill of exceptions that defendant's counsel may not have demanded for his client a copy of the indictment or a reasonable time for the preparation of his defense with sufficient clearness to be heard by the Court. This may be explanation of this unseemly proceeding, in which according to an affidavit by the defendant's counsel, included in the bill of exceptions the defendant was hurried with such precipitancy into his trial that he was required to plead to the indictment within a few minutes of its presentation by the grand jury and before it had retired from the court room to resume its duties."

The next question for consideration is the sufficiency of the evidence to sustain the judgment. The State offered Ceola Sherman, who was in an adjoining room at the scene of the difficulty—it was about 4:00 o'clock A. M. when all were asleep. Defendant was rooming with deceased and when going to his room a dispute arose about room rent due by defendant to deceased—the witness heard the conversation, but could not see the actual fight. The defendant and deceased were each cut or wounded as a result of the fight. The defendant testified that deceased assaulted him with a knife when he defended himself—the evidence showing self-defense could not be contradicted by Ceola Sherman. The evidence of the defendant stands unchallenged or uncontradicted as to the material issues shortly prior to and during the fatal encounter except as to what was heard by Ceola Sherman.

If due consideration is given to the weight and sufficiency of the evidence submitted to the jury in support of the verdict rendered, coupled with the time defendant was placed on trial with reference to the date of filing of the information and not being fully prepared, with the affidavits in support of the motion for a new trial, we cannot say that substantial justice was awarded in the lower court.

Because of the several legal irregularities to the apparent detriment of the rights of plaintiff in error we think the ends of justice will be better subserved by granting a new trial and submitting the issues to another jury. It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL, J., concur in the opinion and judgment.

BUFORD, J., dissents.