OTTO MOORE v. STATE.
184 So. 924.
Division A.
Opinion Filed October 31, 1938.
Rehearing Denied December 28, 1938.

*W. D. Bell* and *H. G. Stephenson,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

PER CURIAM.—In this case plaintiff in error was convicted as principal in the second degree of the offense of assault with intent to commit rape and sued out writ of error.

The case has been briefed and orally argued before this Court and all contentions presented by the plaintiff in error have been carefully considered and must be resolved against the plaintiff in error.

A consideration of the entire record discloses no reversible error and the judgment is, therefore, affirmed.

So ordered.

Affirmed.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and CHAPMAN, J., concur in the opinion and judgment.

BROWN, J., dissents.

BROWN, J. (dissenting).—The information in this case charges that one Robert Robertson did unlawfully assault one Estelle Ross a female person with intent then and there to ravish her by force and against her will and "the said Otto Moore was then and there unlawfully present, and did aid and abet the said Robert Robertson, alias Mike Robert-

son, to do and commit the said felony, in the manner and form aforesaid; contrary to the statute," etc.

Motion to quash was made and overruled.

It will be observed that the information does not *expressly* charge that Moore aided and abetted Robertson knowing or believing that Robertson intended to commit the crime charged against Robertson, or that he, Moore, in any way participated in Robertson's felonious design. This felonious intent on the part of Moore might be *inferred* from the allegation that he was present and did aid and abet Robertson to do and commit the said felony in the manner and form aforesaid," as the felony charged against Robertson, as stated in the information, necessarily embraced the felonious intent on the part of Robertson as charged in the information. However, under our previous decisions, as I understand them, this allegation of felonious intent should not be left to implication, from other language in the information, in order to charge a person as a principal in the second degree in felony cases where one of the essential elements is the intent with which the unlawful act was done. In fact, a person may *aid* in the commission of an offense by doing innocently some act essential to its accomplishment and hence the word "aid" does not necessarily imply a guilty knowledge of felonious intent. People v. Dole, 122 Calf. 486, 55 Pac. 581, 594. But such a case, doubtless, would be very rare. Indeed, the writer is inclined to the view that the language used in this information is sufficient to charge the felonious intent on the part of Moore by necessary implication, but the personal views of the writer must yield to the previous decisions of this court until those decisions are overruled. Furthermore, the parties to this suit and their counsel and the Judge before whom the case was tried, were all bound by the applicable principles which had already been laid down by this court. If we announce a new rule now, I

think it should be made applicable to future cases and not to this case which was tried on the basis of the law as settled at the time of the trial. In the case of Savage, *et al.,* v. State, 18 Fla. 909, in discussing certain portions of the court's charge to the jury, this court said:

"In each of the paragraphs marked 2, 5 and 6 these words are substantially repeated: 'And if James was present aiding and abetting, he was guilty of the same offense as principal in the second degree.' In each of the paragraphs last named this instruction is erroneous.

"In Chitty's Criminal Law, Vol. 1, pa. 258, we find this language: 'But to constitute a principal in the second degree there must be not only a presence and an aiding and abetting, but a *participation in the felonious design,* or, at least, the offense must be within the compass of the original intention.'

"This is the doctrine of the common law. The charge should be in effect that if James was present aiding and abetting Savage, knowing or believing that Savage intended to kill Paterson, or with a 'premeditated design' to kill Paterson, aided and abetted Savage in his act, he was equally guilty with Savage.

"The reason is that one who is guilty of murder in the first degree must be *charged* and proved to the satisfaction of the jury to have done the act charged with a formed design to effect the death, and this is the law as to the principal in the second degree as well as in the first degree."

This case was followed in Henry v. State, 81 Fla. 763, 89 So. 136, in which case Mr. Justice ELLIS, the present Chief Justice, speaking for the Court, said:

"In the case of Savage and James v. State, 18 Fla. 909, the court said that the principal in the second degree is one who is not only present when the crime is committed aiding and abetting the perpetrator, but also participating in the

felonious design, or at least the offense must be within the compass of the original intention. See also McCoy v. State, 40 Fla. 494, 24 South. Rep. 485. The doctrine of these two cases diverges from the rule of the common law as stated above and requires the showing by the State in order to convict one of murder in the first degree, whether as principal in the first or second degree, that the defendant actually entertained a premeditated design to kill the deceased or knew that the person being aided entertained such design."

These cases were cited with approval and followed in the case of Roe v. State, 96 Fla. 723, 729, 119 So. 118; Likewise Leavine v. State, 109 Fla. 447, 465, 147 So. 897. See also Smith v. State, 71 Fla. 97, 70 So. 943.

The court's charge followed pretty closely the language of the information and is therefore subject to the same criticism.

It is well settled that the court should instruct the jury properly as to the intent necessary to constitute the crime charged against a defendant, in language which is clear and certain. In this case, charging the plaintiff in error as a principal in the second degree, it would have been sufficient under our former decisions to have charged the jury that the defendant must have been shown beyond a reasonable doubt to have known that the person being aided and abetted entertained the specific intent denounced by the statute. It was not necessary of course that Moore himself should have had the intent to ravish the prosecutrix. All that was necessary to be charged was that Robertson had this intent and was making the assault with this intent and that Moore was present aiding and abetting, knowing at the time that Robertson was making the assault with this felonious intent.

If we are to follow these previous decisions in the decision of this case, the insufficiency in the information above pointed out does not belong to that class of errors which

could be held to be harmless errors. See Lawson v. State, 125 Fla. 335, 169 So. 739.

The attorneys cite the case of Albritton v. State, 32 Fla. 358, 13 So. 955. In that case it was held that:

"A principal in the second degree is one who is present aiding and abetting at the commission of a felony."

This definition has frequently been cited with approval by this court. The indictment and the court's charge followed this language: In the course of the opinion it is said: "The only objection made to this charge and the only ground urged here by counsel for the plaintiff in error to reverse the judgment is, as stated by counsel, the confounding the names of the defendants by the judge in his charge." The exact point hereinabove discussed does not appear to have been raised in that case. So far as the writer knows, in cases where this exact question has been raised, the court has continued to follow the rule laid down in Savage, *et al.,* v. State, *supra.*

While I am willing to join with the other members of the court in announcing a different rule as above indicated to be applied in future cases and while I am willing to join with the other members of the court in expressly over-ruling the Savage case and the numerous other cases following that case, I think this particular judgment should be reversed on the basis of the status of the law existing at the time it was tried.