JAMES PATRICK v. STATE.

187 So. 383.

En Banc.

Opinion Filed March 7, 1939.

Rehearing Denied March 28, 1939.

*Butt & Akridge,* for Plaintiff in Error:

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

PER CURIAM.—This case is here on writ of error to a judgment and sentence entered against James Patrick by the Circuit Court of Brevard County, Florida. William Patrick Driscoll and James Patrick were informed against on a charge of armed robbery. When the defendants were arraigned William Patrick Driscoll entered a plea of guilty and James Patrick filed a plea of not guilty, was tried, convicted and sentenced to serve a period of three years in the State Penitentiary. He has perfected his appeal to this Court and assigned as error charges or instructions given by the trial court.

An examination of the transcript reveals that counsel for plaintiff in error failed or otherwise omitted to take exceptions to the charges or instructions assigned as error in this Court at the time same were given by the trial court. Likewise, an examination of the motion for a new trial fails to show that either of the charges or instructions assigned as error in this Court was incorporated in or made a ground or grounds of the motion for a new trial. This Court has held that it is necessary to obtain an exception or exceptions to charges or instructions before they can be considered in this Court. See Williams v. State, 32 Fla. 251, 13 So. 429; Bynum v. State, 46 Fla. 142, 35 So. 65; Teddleton v. State, 131 Fla. 106, 178 So. 909.

It is settled law in Florida that in passing upon a single charge or instruction when assigned as error the same should be considered in connection with all other instructions and charges bearing upon the same subject, and if, when so considered, the law appears to have been fairly presented to the jury, the assignment must fail, unless

under all the peculiar circumstances of the case the court is of the opinion that such instructions or charges were calculated to confuse, mislead or prejudice the jury. See Lewis v. State, 55 Fla. 54, 45 So. 998.

The first instruction assigned as error is, viz.:

"If you believe from the evidence in this case, and beyond all reasonable doubt, that William Patrick Driscoll, on the 31st day of January, A. D. 1938, or at any other time within two years next prior to the filing of the Information in this case, which was the 5th day of February, A. D. 1938, in the County of Brevard and State of Florida, in and upon one Anna Mitchell an assault did then and there feloniously, and her, the said Anna Mitchell, did then and there put in bodily danger and fear of her life, and then and there thirty-five dollars, lawful currency of the United States, of the value of thirty-five dollars, of the money, property, goods and chattels of the said Anna Mitchell, from the person and custody and against the will of the said Anna Mitchell, by force and violence and by putting her, the said Anna Mitchell, in fear, feloniously did rob, take, steal and carry away, the said William Patrick Driscoll having then and there the intent, if then and there resisted by the said Anna Mitchell, her, the said Anna Mitchell, then and there to kill or maim, and should further find, beyond all reasonable doubt, that the defendant, James Patrick, of the County of Brevard and State of Florida, at the time of the commission of the felony aforesaid was then and there unlawfully present, and did unlawfully aid, counsel and otherwise procure the said William Patrick Driscoll to do and commit the felony aforesaid, in the manner and form aforesaid, it would be your duty to find the defendant, James Patrick, guilty as charged in this Information; if you do not so believe,

or if you have a reasonable doubt about it, you should find the defendant not guilty."

The second charge assigned as error is, viz.:

"6. In connection with the elements in the charge of putting in fear or danger, I charge you: The force by means of which robbery is committed may be divided into two classes—actual force and constructive force. Under actual force is included all violence inflicted directly on the person robbed. Under constructive force is meant demonstrations of force by means of which the person robbed is put in fear sufficient to suspend free exercise of the will to prevent resistance to the taking.

"6-a. The intimidation or putting in fear is that constructive violence which constitutes robbery. It means, in dealing in cases of robbery, not actual and directed to such as is exerted upon the person robbed by operation upon his fears. No matter how slight the cause of creating the fear may be, nor by what other circumstances the taking may be accomplished, if the person be attended with such circumstances of terror threatening by word or gesture, as in common experience are likely to create an apprehension of danger, and to induce a man to part with the property for the safety of his persons, he is said to be put in fear."

The third instruction assigned as error is, viz.:

"5. In connection with the charge against the defendant, James Patrick, now on trial as a principal in the second degree, I charge you, that all persons are principals who are guilty of acting together in the commission of an offense, when the offense is actually committed by one or more persons, while others are present and knowing and having an unlawful intent to aid by acts of encouragement, by word or gesture, those actually engaged in the commis-

sion of the unlawful act, such person so present and aiding or encouraging are principals in the second degree."

Applying the rule in Lewis v. State, *supra,* to the charge first assigned as error, we find that the court in other portions of the instructions recited the charge contained in the information, when the following language was used: "* * * and against the will of the said Anna Mitchell, by force and violence and by her, the said Anna Mitchell, in fear, feloniously did rob, take, steal and carry away, the said William Patrick Driscoll, being then and there armed with a dangerous weapon, to-wit, a pistol." And another section of the charge is, viz.: "As I have stated to you, it is necessary for the State to prove to your satisfaction and beyond any reasonable doubt, each and every of the material elements contained in the offense charged before you should be warranted in finding the defendant guilty." This assignment is without merit.

We have examined the second and third charges assigned as error and briefed and argued at the bar of this Court, but when the rule stated in Lewis v. State, *supra,* is applied to each of these assignments of error, or considering the entire charge as differentiated from isolated portions or single instructions assigned as error, the conclusion is irresistible that the said assignments and each of them, are without merit.

The judgment appealed from is hereby affirmed.

TERRELL, C. J., and WHITFIELD, BUFORD, CHAPMAN, and THOMAS, J. J., concur.

BROWN, J., concurs in part and dissents in part.

BROWN, J. (dissenting in part and concurring in part).—
I concur in the judgment of affirmance, because in view of the testimony, I am of the opinion that such errors as were committed were harmless errors and did not result in

any miscarriage of justice. The evidence was amply sufficient to sustain the verdict and judgment.

The first instruction to the jury, which is assigned as error, and which is quoted in full in the majority opinion, is not quite clear. If it were based upon the theory that James Patrick was a principal in the second degree, I think the charge would have embraced the elements of participation by James Patrick in the felonious design charged against the principal offender, Driscoll, or at least, that the offense alleged to have been committed must have been within the compass of the original intention of both defendants. This thought might be implied from the language of the charge, but I think that it would have been better to have clearly stated it. See Savage v. State, 18 Fla. 909; Henry v. State, 81 Fla. 763, 89 So. 136; Roe v. State, 96 Fla. 723, 729, 119 So. 118; Leavine v. State, 109 Fla. 447, 465, 147 So. 897; Smith v. State, 71 Fla. 97, 70 So. 943. It is possible that a person might innocently do some act which would aid another to commit a felony, and hence the use of the word "aid" does not necessarily imply a guilty knowledge of the felonious intent of the principal.

The charge, also, to some extent confuses a principal in the second degree with an accessory before the fact.

It is true that our statute provides that whoever aids in the commission of a felony shall be punished *in the same manner* prescribed for the punishment for the principal felon. The same provision is made with regard to persons who are accessories before the fact to the commission of a felony by "counseling, hiring, or otherwise procuring" such felony to be committed. Section 7110 C. G. L. And the following section, 7111 C. G. L., provides that: "Whoever counsels, hires or otherwise procures a felony to be committed, may be indicted and convicted as an accessory

before the fact, either with the principal felon or after his conviction," etc.

The definition of accessories before and after the fact and principals in the second degree is well and briefly stated in the first headnote to the case of Albritton v. State, 32 Fla. 358, 13 So. 955. This headnote, which is fully sustained by the language of the well considered opinion, reads as follows:

"An accessory before the fact is one, who though absent at the time of the commission of a felony, does nevertheless procure, counsel, command or abet another to commit such felony. An accessory after the fact is one who, with knowledge that a felony has been committed by another, aids, relieves, comforts or assists the felon, whether he be a principal or an accessory before the fact. A principal in the second degree is one who is present aiding and abetting at the commission of a felony."

This definition has been frequently followed and quoted by this Court. It is based on sound common law principles and should not lightly be departed from. Thus in the case of Neumann v. State, 116 Fla. 98, 156 So. 237, this Court, speaking through the then Chief Justice DAVIS, had this to say:

"There is under the common law and under our statute a clear and marked distinction between a principal in the second degree and an accessory before the fact. The effect of Section 7110 C. G. L., 5008 C. G. L., is not to do away with the common law distinction between principals in the second degree and accessories before the fact, but merely to provide for the punishment of each of them in like manner as the principal felon is provided to be punished.

"A person charged with a felony, whether as principle in the first or second degree or as accessory before or after the fact, is entitled to have the charge so stated against

him in an indictment or information as to protect him after conviction or acquittal from substantial danger of a new prosecution for the same offense, and he is likewise entitled to have the charge so stated against him that it will not appear so vague, indistinct and indefinite as to mislead him and embarrass him in the preparation of his defense to the charge as stated. See Section 8369 C. G. L., 60 64 R. G. S. * * *

"An accessory before the fact is one who is absent at the time of the commission of a felony, but who has beforehand counseled, hired or otherwise procured the perpetrator to commit it as defined in Section 7119 C. G. L., 5008 R. G. S. A principal in the second degree is one who 'aids in the commission of a felony' as referred to in Section 7110 C. G. L., *supra,* by being present, aiding and abetting the commission of the felony at the time it is perpetrated. 'The latter's presence at the time of commission of the crime may be actual or constructive. Kauz v. State, 98 Fla. 687, 124 Sou. Rep. 177; Albritton v. State, 32 Fla. 358, 13 Sou. Rep. 955."

As stated in the majority opinion, the transcript fails to show that planntiff in error made any objections or took any exceptions to the instructions of the court at the time they were given, nor did he raise any question in his motion for a new trial as to the correctness of the charges here assigned as error. Also, as stated in the majority opinion, we have held in numerous cases in the past that under these circumstances this Court will not consider assignments of error based on alleged errors in charges of the trial court. But I am of the opinion that this rule has to some extent been changed by the adoption of Rule 74 of the Common Law Rules adopted and promulgated by this Court in April of 1936, effective October 1, 1936,

which is applicable to all actions at law, including criminal cases, and which Rule 74 reads in part as follows:

"(2) Upon all appellate proceedings in actions at law the appellate court shall review, without exception having been taken in the trial court, any question of law involved in any adverse ruling, order, instruction or thing whatsoever said or done at the trial or prior thereto or after the verdict, *which thing was said or done after objection made and considered by the trial court,* and which affected the substantial rights of the party complaining and which is assigned as error and thereupon the appellate court may reverse, affirm or modify the judgment or order appeal from, and may set aside, affirm, or modify any and all the proceedings subsequent to or dependent upon such judgment or order, and may, if proper, order a new trial.

"(b) It shall not be necessary for a party to object to the *giving of any charge* by the court *or to the refusal to give any charge requested in writing* nor need the bill of exceptions state the objections reserved thereto." (Italics supplied.)

It will be observed that paragraph (a) of this Rule would indicate that it would be incumbent upon the plaintiff in error to show that he had *objected* to the ruling of the court, whatever it might relate to, and if the record showed that objection was made and considered by the trial court, the making of an exception thereto would be unnecessary, and the ruling might be assigned as error. But paragraph (b) indicates that in order to take advantage of an error of a trial court *in the giv'ng or refusal of charges, requested in writing,* it is not necessary for a party to object thereto, nor need the bill of exceptions state such objections. However, this paragraph refers to the giving or refusal of *charges requested in writing.* When so construed there is a field of operation for both

paragraphs of the rule. Thus under paragraph (a), a party cannot assign as error the giving or refusal of an instruction which was *not requested in writing,* such as portions of the Court's oral charges, unless he made objection thereto and the same was considered by the trial court. If this were done, that is, if the objection to the oral charge was made and denied by the trial court, this court will review such ruling even though no exception was taken in the trial court. The same observation would likewise apply to other adverse rulings as set out in paragraph (a). It might be noted in this connection that Sections 4365 and 4367 C. G. L. inclusive read as follows:

"4365 (2698) Instructions to juries.—If either of the parties, or their attorneys, present to the judge instructions in writing on any point of law arising on the trial, it shall be the duty of the judge to declare in writing to the jury his ruling thereupon as presented, and pronounce the same to the jury as given or refused."

"4366 (2699) To be signed and filed.—Said instructions, as well those given as those denied, shall be signed by the said judge, and be by him filed in the case immediately after delivery or refusal, and form a part of the record in the case. (Id. Sec. 3)"

"4367 (2700) Portion of charge embodied in motion for new trial considered as excepted to.—Either party, after verdict rendered, may embody in a motion for a new trial any portion of the charge of the court which he may deem erroneous, which shall be taken as an exception to said charge."

It not appearing that the instructions complained of were presented to the judge in writing, my view is that under common law Rule 74 it was incumbent upon plaintiff in error to make objections to the giving of the charges complained of at the time, so that the court might have

had an opportunity to correct the same if considered necessary, and that the record in the case should have been made to show such objections and the court's ruling thereon. The charges assigned as error here were evidently portions of the court's oral charge to the jury to which no objection or exception was made or taken, nor were any of such charges complained of in the motion for new trial. Therefore it is not incumbent upon this Court to consider the assignments of error based thereon, unless the Court should be convinced that some gross error was committed which was prejudicial to the defendant's case, and of such a serious nature that this Court would consider the same without any objection having been made of any sort and without any assignment of error. This case does not come within the exception to the general rule. When the charges are considered in connection with the evidence in the case no serious or reversible error appears.

I concur with the majority that the judgment should be affirmed.