NORMAN NAGEL, v. STATE OF FLORIDA

22 So. (2nd) 764                                    June Term, 1945
July 10, 1945                                            En Banc

*Fishback, Smith & Williams,* for appellant.

*J. Tom Watson,* Attorney General and *Reeves Bowen,*
Assistant Attorney General, for appellee.

BUFORD, J.:

The appeal in this case brings for review judgment of
conviction of the appellant of the crime of larceny of cattle.

While the record discloses that the appellant had not on
this appeal challenged the sufficiency of the evidence to sup-
port the conviction, nor challenged the action of the court in
overruling his motion for a directed verdict at the close of the

plaintiff's testimony as constituting error, both of these questions are, to some extent, involved in the consideration of the questions which are presented in the brief and which are as follows:

"Question Involved No. 1:

"When an information charging a person with commission of a felony is set for trial on the fourth day from the date of the information, and counsel for accused files sworn motion three days after date of information requesting two or three days additional time to prepare for trial, said motion showing that some of witnesses live at a distance from seat of trial, which is also residence of defense counsel, that numerous other legal matters demanded counsel's attention, that counsel had been able to interview only two witnesses, and was unable to investigate and prepare case in the short time available before trial date, is it error for the trial court to deny motion' of accused for two or three days additional time to prepare for trial?"

"Question Involved No 2:

"When defendant was arraigned on November 27, 1944, and tried on November 28, 1944, four days after filing of information, and was convicted on November 28, 1944 of larceny of cattle, and additional evidence which defendant's counsel did not have time to procure would probably produce a different verdict, should a motion for a new trial be granted?"

We think that the record and result of the trial demonstrates that the accused and his counsel had not had sufficient time in which to adequately prepare the case for trial. This is especially true because the record shows that after the plaintiff had closed its case in chief and after the motion had been denied to direct a verdict in favor of the defendant and after the defendant had introduced his testimony, the main witness for the prosecution was recalled to the stand and materially changed a part of his testimony so as to contradict positive statements which he had made when testifying in the case in chief and also contradicting positive statements which he had made in the preliminary trial as to a material fact and without this latter testimony the evidence would not have supported the conviction.

The record shows that the information was filed on the 24th day of November, 1944; that the trial was thereafter set to be had on the 28th of November and that on the 27th of November counsel for the accused filed a motion showing that defendant's counsel had not had time to prepare for the trial of the case and praying for an order postponing the trial for only "two or three days" to give counsel time to properly prepare for the trial.

We think that when the motion for a new trial was presented it had been demonstrated by the occurrences in and at the trial that this motion should have been granted.

Therefore, on authority of the opinion and judgment in Tedelton v. State, 131 Fla. 106, 178 So. 909 and Coker v. State, 82 Fla. 5, 89 Sou. 222, the judgment should be reversed and a new trial awarded.

So ordered.

CHAPMAN, C. J., TERRELL and BROWN, JJ., concur.

THOMAS, ADAMS and SEBRING, JJ., dissent.