PER CURIAM.
Where the sole issue in dispute is the identification of the defendant as the perpetrator of the robbery, the failure of the trial court to instruct the jury on the intent to permanently deprive the owner of his property is not fundamental error which will be recognized in the absence of an objection. Compare Stewart v. State, 420 So.2d 862 (Fla.1982); Lewis v. State, 411 So.2d 880 (Fla. 3d DCA 1981); Leary v. State, 406 So.2d 1222 (Fla. 4th DCA 1981); Gibson v. State, 403 So.2d 1019 (Fla. 3d DCA 1981); McMurtroy v. State, 400 So.2d 547 (Fla. 3d DCA 1981); Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981), with Holmes v. State, 412 So.2d 429 (Fla. 4th DCA 1982); Jackson v. State, 412 So.2d 381 (Fla. 3d DCA 1982). See also Gains v. State, 417 So.2d 719 (Fla. 1st DCA 1982) (even though failure to instruct on intent element in robbery case preserved by proper objection, error harmless where no genuine issue on intent). The instructions given, including a reading of the charge contained *1285 in the information, sufficiently informed the jury of the material elements of the crime. Patrick v. State, 136 Fla. 853, 187 So. 383 (1939). .
Affirmed.