475 So.2d 214 (1985)
William Jasper DARDEN, Petitioner,
v.
STATE of Florida, Respondent.
No. 67555.
Supreme Court of Florida.
August 29, 1985.
*215 Robert Augustus Harper, Tallahassee, for petitioner.
Jim Smith, Atty. Gen. and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
We have before us a petition for writ of habeas corpus, and an application for stay of execution. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const.
The facts of this case and the issues raised on direct appeal are in this Court's opinion in Darden v. State, 329 So.2d 287 (Fla. 1976), cert. dismissed, 430 U.S. 704, 97 S.Ct. 1671, 51 L.Ed.2d 751 (1977). We deny the petition and application.
Petitioner seeks relief from his conviction and sentence on the ground that counsel in his direct appeal to this Court provided ineffective assistance. The right to effective assistance of counsel on direct appeal was most recently recognized by this Court in Wilson v. Wainwright, 474 So.2d 1162, (Fla. 1985). See also Evitts v. Lucey, ___ U.S. ___, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The criteria for proving ineffective assistance of appellate counsel are that:
Petitioner must show 1) specific errors or omissions which show that appellate counsel's performance deviated from the norm or fell outside the range of professionally acceptable performance and 2) the deficiency of that performance compromised the appellate process to such a *216 degree as to undermine confidence in the fairness and correctness of the appellate result.
Wilson, at 1163 (citing to Johnson v. Wainwright, 463 So.2d 207 (Fla. 1985)). Petitioner's allegations fail to satisfy this test.
Petitioner claims appellate counsel was ineffective in failing to raise two specific issues relating to the sentencing phase of his trial. The first issue is based on the trial court's finding that the murder was heinous, atrocious or cruel. The finding was one of three aggravating circumstances determined to exist in the case by the trial judge, which outweighed two mitigating circumstances found by the judge. At best, from petitioner's point of view, if petitioner's original appellate counsel successfully raised this issue before this Court, the case might have been remanded for a new sentencing hearing at which the judge would reweigh the remaining aggravating and mitigating circumstances.
The initial inquiry must be whether "appellate counsel's performance deviated from the norm or fell outside the range of professional acceptable performance." Petitioner attempts to establish this by drawing our attention to seven cases decided between the time of Darden's conviction in January of 1974 and the denial of rehearing in this Court April 19, 1976. Halliwell v. State, 323 So.2d 557 (Fla. 1975); Tedder v. State, 322 So.2d 908 (Fla. 1975); Alvord v. State, 322 So.2d 533 (Fla. 1975), cert. denied, 428 U.S. 923, 96 S.Ct. 3234, 49 L.Ed.2d 1226 (1976); Swan v. State, 322 So.2d 485 (Fla. 1975); Slater v. State, 316 So.2d 539 (Fla. 1975); Proffitt v. State, 315 So.2d 461 (Fla. 1975), aff'd, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976); Taylor v. State, 294 So.2d 648 (Fla. 1974). He argues that the heinous, atrocious, and cruel issue was raised in these seven cases and resolved in this Court and therefore the issue was alive and being challenged by other competent counsel at the same time his then-appellate counsel knew or should have known of this issue. However, in only three of these cases were our opinions filed prior to oral argument in the direct appeal in this case. Slater; Proffitt; Taylor. While appellate counsel in those cases may well have raised the issue in their briefs to this Court, the issue was discussed in not one of the three opinions. Challenges to heinous, atrocious, and cruel findings were successful in two of the other cases, Halliwell and Tedder, both opinions being filed about a half a year after oral argument in Darden's direct appeal. In Halliwell, we found that dismemberment of the murder victim some hours after his death from a beating arising from a dispute in a "love triangle" did not support a finding that the murder was heinous, atrocious, or cruel. The focus of the Court's attention was upon the fact that the mutilation of the body occurred many hours after the murder. "If mutilation had occurred prior to death or instantly thereafter, it would have been more relevant in fixing the death penalty." Halliwell, 323 So.2d at 561 (emphasis added). In Tedder, appellant shot his wife's mother during a domestic dispute. Tedder left the victim, without any hope for assistance, to die from her wounds. We found that these circumstances were not sufficient to support the finding of heinous, atrocious, or cruel. The jury had recommended life for Tedder and the trial judge had overridden that recommendation. We concluded that the facts were not so clear and convincing that the judge's override could be affirmed.
Regarding the three cases filed prior to appellate counsel's oral argument in this case, clearly counsel had no notice by case law that this issue was open to attack any more than any other issue in the sentencing phase. Competent appellate counsel is not required to read the appellate briefs of all potentially relevant cases pending before this Court prior to preparation of his own brief and oral argument. While the Halliwell and Tedder cases may have suggested additional grounds for appeal to Darden's appellate counsel, those cases, coming so many months after oral argument, obviously could not have been relied upon at oral argument or in the *217 briefs. While we find no copies of Halliwell or Taylor filed as supplemental authority in the files from Darden's appeal, we do not conclude that failure to file these cases, from this Court, as supplemental authority deviates from the norm or falls outside the range of professionally acceptable performance. Halliwell and Taylor, coming after oral argument in Darden's case, may have suggested nascent development of relevant doctrine in the area of the heinous, atrocious, or cruel factor, but would not necessarily have been dispositive in Darden's case. "We do not approve of counsel urging frivolous claims, nor do we require that every colorable claim regardless of relative merit, be raised on appeal." Wilson, at 1164. Because we do not find appellate counsel to have been inadequate in failing to raise this issue, we do not need to address the question of whether failure to do so fails the second prong of the ineffective assistance of appellate counsel test.
Petitioner's second allegation of ineffective assistance of appellate counsel is based on alleged error in the instructions given to the jury in the penalty phase of the trial. Darden claims that the instructions failed to adequately place the burden on the State to prove that aggravating circumstances outweighed any mitigating circumstances. Our review of the trial record shows that no charge conference was held before the penalty instructions were given to the jury and therefore there was no opportunity for trial counsel to object to the instruction prior to the actual giving of the instruction. However, the record also shows that trial counsel failed to object to the instruction when it was given to the jury.
At the time of trial in 1974, the Florida appellate rules expressly required "that a party, at the time that the ... charge of the court is made, [make] known to the court the action which he or it desires the court to take, or his or its objection to the action of the court and his or its grounds therefor...." Fla.R.App.P. 6.7.g. (1974). There can be no doubt that objection is required to preserve an error in instructions in a criminal trial. See, e.g., Patrick v. State, 136 Fla. 853, 187 So. 383 (1939); Teddleton v. State, 131 Fla. 106, 178 So. 909 (1938); Ward v. State, 123 Fla. 248, republished on denial of rehearing, 124 Fla. 113, 168 So. 397 (1936). Despite this waiver of error, petitioner now claims that the error was fundamental and therefore need not be preserved by an action at trial. We have reviewed the charge conference and instructions given to the jury during the guilt phase and the instruction to the jury during the penalty phase. We do not find the error fundamental.
Accordingly, the petition for the writ of habeas corpus and application for stay of execution are denied.
It is so ordered.
No motion for rehearing will be allowed.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., and ANNE C. BOOTH and CHARLES MINER, Associate Justices, concur.