475 So.2d 217 (1985)
Willie Jasper DARDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 67571.
Supreme Court of Florida.
September 3, 1985.
*218 Robert Augustus Harper, Tallahassee, and William J. Sheppard of the Law Offices of Wm. J. Sheppard, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
William Jasper Darden appeals the denial of his second Florida Rule of Criminal Procedure 3.850 motion to vacate. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We find no error and affirm the trial court's order denying his motion to vacate and we deny his motion for stay of execution.
The facts of this case and the issues raised on direct appeal are in this Court's opinion in Darden v. State, 329 So.2d 287 (Fla. 1976), cert. dismissed, 430 U.S. 704, 97 S.Ct. 1671, 51 L.Ed.2d 751 (1977). A prior 3.850 motion was denied and affirmed by this Court. Darden v. State, 372 So.2d 437 (Fla. 1979).
Darden raises seven claims in his motion for post conviction relief. The state contends that the claims raised by Darden in this second successive motion to vacate constitute a flagrant abuse of the purpose behind Florida Rule of Criminal Procedure 3.850. While the state would have us reject the claims outright on the ground of abuse of the post conviction relief process, we choose to address those issues raised which merit discussion because of the unique circumstances of this case.
Darden's first such claim is that the trial court impermissibly used a psychological evaluation in determining its sentence. Two evaluations were ordered for Mr. Darden, one prior to trial to determine competency and again prior to the penalty phase for the purpose of exploring psychological mitigation factors. The record shows that Darden's attorneys prior to the penalty phase hearing spoke with Mr. Darden on the record before the judge about the psychological reports, saying they chose not to submit those to the Court because they failed to show mitigating circumstances. *219 In his sentencing order the trial judge wrote that the two reports failed to show any mitigation, saying "I recite this not in aggravation but to show the absence of mitigation in this regard."
Darden now claims that this mention of the psychological reports and the absence of mitigating factors in them is a violation of his sixth, eighth and fourteenth amendment rights under the rationale of Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), and the holding of Proffitt v. Wainwright, 685 F.2d 1227 (11th Cir.1982), modified on rehearing, 706 F.2d 311 (11th Cir.1983), cert. denied, ___ U.S. ___, 104 S.Ct. 508, 78 L.Ed.2d 697 (1983). Gardner reversed a sentence of death where the trial court relied on confidential information available to neither party in a presentence investigation report. In Proffitt the eleventh circuit wrote:

Gardner is premised on the principle that death sentences may not constitutionally be imposed on the basis of information that the capital defendant has been afforded no opportunity to rebut. The holding in Gardner narrowly viewed, simply prohibits "secret information;" the Court did not in that case address the scope of the capital defendant's procedural rights in attempting to rebut information that has openly been presented to the sentencing tribunal. In reaching its decision in Gardner, however, the Court emphasized the unacceptability of the "risk that some information accepted in confidence may be erroneous, or may be misinterpreted, by the ... sentencing judge."
685 F.2d at 1253-54 (citations deleted). In Proffitt, one of two court-appointed psychiatrists was unable to attend a hearing for purposes of cross-examination by defense counsel. Defense counsel requested an opportunity to cross-examine the doctor, and the trial judge indicated he would allow cross-examination at a later date but proceeded to sentence the defendant without the cross-examination. The circuit court addressed the issue even though Proffitt failed to raise the issue on direct appeal. The court noted that the state had not contended that appellant had waived the issue and therefore did not decide the claim on that ground. See 685 F.2d at 1251, n. 36a. In the case before us there is no indication in the record that trial counsel for Darden asserted any right to cross-examine the psychiatrist who prepared the evaluations discussed in the trial judge's sentencing order. The record indicates the parties were aware that the trial judge had copies of those evaluations, and there is no indication the defense counsel believed the evaluations would not be considered by the judge in his sentencing decision. We conclude that Darden was denied no constitutional protection by lack of cross-examination of the psychiatrists, when no assertion of the right to cross-examine was made at trial.
Darden next claims that use of the reports violated his fifth amendment privilege to remain silent. He argues that Estelle v. Smith, 451 U.S. 454, 472, 101 S.Ct. 1866, 1877, 68 L.Ed.2d 359 (1981) requires reversal of the sentence. In Estelle v. Smith, the trial court sua sponte ordered a pretrial psychiatric examination to determine competency to stand trial. Defense counsel had no notice of the examination, nor was the defendant apprised of his right to remain silent and the possible use of his statements against him at trial. In the penalty phase of the trial, the state introduced the report and placed the psychiatrist on the stand, and proceeded to elicit the psychiatrist's opinion that the defendant was likely to be dangerous in the future. The instant case differs significantly from Estelle v. Smith. Here counsel was apprised of the examinations, and in fact requested the pre-penalty phase evaluation to "determine if the Defendant, although competent, was subject to some personality disorder or emotional problem which in some way might explain or mitigate the atrocities committed." In addition the trial judge specifically used the reports to determine *220 lack of mitigation rather than aggravation. We thus have before us an instance where defense counsel requested evaluations and where the evaluations were not used as an aggravating factor, two factual distinctions which set this case apart from Estelle v. Smith.
Darden's second claim is that his trial counsel's failure to adduce or present nonstatutory mitigating circumstances in the penalty phase denied him protection of the eighth amendment. At the time of Darden's trial,
the law concerning capital sentencing was in a state of reformation. The Supreme Court's holding in Lockett v. Ohio, 438 U.S. 586 [98 S.Ct. 2954, 57 L.Ed.2d 973] (1978), that the sentencer in a capital case must be free to consider all relevant mitigating evidence had not yet been decided; nor was that result clearly foreshadowed by Furman v. Georgia, 408 U.S. 238 [92 S.Ct. 2726, 33 L.Ed.2d 346] (1972)  the only contemporary death penalty case decided by the United States Supreme Court prior to ... trial. Moreover, Florida's capital sentencing statute was barely a year old at the time of appellant's trial, and the only Florida Supreme Court case addressing its constitutionality supported an interpretation of the statute as limiting the mitigating evidence that could be considered to that falling within the seven statutory factors. In view of these facts the defense attorney's belief that he could not, under the Florida statute, introduce evidence of mitigating factors ... was entirely reasonable. His decision not to call witnesses at the penalty stage to testify about appellant's general character and background was therefore justifiable and fully within the sixth amendment standard of reasonably effective assistance.
Proffitt v. Wainwright, 685 F.2d at 1248 (footnote deleted). Thus failure to raise nonstatutory mitigating circumstances in the penalty phase at that time was not ineffective assistance of counsel. However, Darden now claims that a new ground for reversal on this failure exists under the eighth amendment protection against cruel and unusual punishment. Appellant refers us to the recently released opinion of Hitchcock v. Wainwright, 770 F.2d 1514 (11th Cir.1985) (en banc). Appellant argues that he was denied "an individualized sentencing hearing." Hitchcock. Appellant includes with his materials presented to this Court affidavits attesting to the difficult circumstances under which Darden was raised as a child both in his individual family upbringing and in the social and cultural context of growing up black in the rural South in the 1930's. This evidence was unknown to trial counsel but, Darden argues, would have been developed had trial counsel not believed it was limited to statutory mitigating circumstances. Darden also argues that certain facts were known to trial counsel which trial counsel would have attempted to use but for the misapprehension. However Darden notes in his memorandum of law to the trial court below on this 3.850 motion that the trial court informed the jury that nonstatutory mitigating circumstances could be presented, and in fact the trial court considered two nonstatutory circumstances arising from Darden's brief statement to the jury and court during the sentencing phase. We have already rejected the ineffective assistance of counsel claim on this issue in the prior 3.850 appeal, and we conclude here that the trial court's informing the jury that nonstatutory mitigating circumstances could be presented sufficiently protected Darden from violation of his eighth amendment right.
Darden next claims once again error in the instructions to the jury in the penalty phase, based them this time on violations of his eighth amendment rights. We rejected an attack on the jury instructions in the habeas corpus proceeding decided by this Court recently. Darden v. State, 475 So.2d 214 (Fla. 1985). We find no merit to the instant claims.
*221 We find no merit in the remaining three claims raised by Darden although we do note that his final claim once again raises an issue that has been litigated for years. This Court rejected the claim that the prosecutor's closing arguments at the guilt phase of trial were fatally prejudicial in Darden's direct appeal. Darden now claims that the prejudice carried over through the guilt phase and into the penalty phase and so tainted the penalty phase that a new penalty hearing must be conducted. He relies on Caldwell v. Mississippi, ___ U.S. ___, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985) which, he argues, holds that improper closing arguments must be shown to have had no effect on sentencing, or a new sentencing hearing is required. We fail to see how closing argument in the guilt stage which has been held not to have deprived appellant of a fair trial could subsequently be used to attack the penalty hearing. We note that the argument causing reversible error in Caldwell was had during the penalty phase, and thus had a more direct effect on the sentence returned by the jury. Darden also attempts to show that as in Caldwell, the jury was misled as to its role in the sentencing process. In Caldwell, the Court interpreted comments by the state to have misled the jury to believe that it was not the final sentencing authority, because its decision was subject to appellant review. We do not find such egregious misinformation in the record of this trial, and we also note that Mississippi's capital punishment statute vests in the jury the ultimate decision of life or death, whereas, in Florida, that decision resides with the trial judge.
Accordingly, the decision of the trial court is affirmed and the motion for stay of execution is denied.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
No petition for rehearing will be entertained.