PER CURIAM.
Willie Darden, a state prisoner under sentence of death for whom a seventh death warrant has been signed, petitions this Court for a writ of habeas corpus and requests a stay of execution, which is scheduled for 7:00 a.m., Tuesday, March 15, 1988. Darden also requests leave to file a petition for writ of error coram nobis with the trial court. We have jurisdiction, article V, section 8(b)(9), Florida Constitution, and deny the requested relief.
Darden has an extensive history before this Court. This Court affirmed Darden’s 1978 conviction of firsbdegree murder and sentence of death in Darden v. State, 329 So.2d 287 (Fla.1976), cert. dismissed, 430 U.S. 704, 97 S.Ct. 1671, 51 L.Ed.2d 751 (1977). The denial of Darden’s first rule 8.850 motion for post-conviction relief was affirmed in Darden v. State, 372 So.2d 437 (Fla.1979). Darden’s first petition to this Court for a writ of habeas corpus raising claims of ineffective assistance of appellate counsel was denied in Darden v. State, 475 So.2d 214 (Fla.1985). The denial of a second 3.850 motion for post-conviction relief was affirmed by this Court in Darden v. State, 475 So.2d 217 (Fla.1985). A second petition for writ of habeas corpus was denied in Darden v. Wainwright, 495 So.2d 179 (Fla.1986). In Darden v. State, 496 So.2d 136 (Fla.1986), this Court affirmed the denial of Darden’s third 3.850 motion for post-conviction relief.
Darden raises two claims in his petition for writ of habeas corpus. Citing a litany of decisions interpreting section 921.-141(5)(h), Darden urges that “the trial court's finding of heinous, atrocious, and cruel is totally unsupported, and that this Court should now so hold.” In Darden v. State, 475 So.2d 214, this Court rejected Darden’s claim of ineffective assistance of appellate counsel based on counsel’s failure to challenge the finding of heinous, atrocious and cruel on direct appeal. Although under the circumstances as set forth in that opinion, Darden’s appellate counsel was not deficient for failing to challenge this aggravating factor on direct appeal, 475 So.2d at 216-17, the issue could have been raised and should have been raised, if at all, on direct appeal. Because we find this claim procedurally barred, we do not reach the merits of this claim.
Darden’s second claim, that the jury was mislead as to its sentencing role in violation of Caldwell v. Mississippi, 472 U.S. 320, 106 S.Ct. 2638, 86 L.Ed.2d 281 (1985), was previously rejected by this Court in Darden v. State, 475 So.2d at 221. See also, Pope v. Wainwright, 496 So.2d 798, 804-05 (Fla.1986), cert. denied, — U.S. -, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987); Combs v. State, — So.2d -, No. 68,477 (Fla. Feb. 18, 1988). Darden takes the position that because “this very issue is now pending before the United States Supreme Court in Adams v. Dugger [— U.S. -, 108 S.Ct. 1106, — L.Ed.2d-] No. 87-121” (Adams v. Wainwright, 804 F.2d *1105 1526 (11th Cir.1986), modified, 816 F.2d 1493 (11th Cir.1987), cert. granted, — U.S. -, 108 S.Ct. 1106, 99 L.Ed.2d 267 (1988)) this Court should issue a stay of execution and preserve its jurisdiction to address this claim after the issuance of Adams.[1] If this were the first time Dar-den presented this Caldwell claim to this Court, such a stay may be warranted. However, because this claim was previously rejected by this court, we decline to issue a stay to reconsider the issue.[2]
In an amended petition for writ of habeas corpus, Darden raises two additional claims which we find are procedurally barred, as they could have or should have been raised on direct appeal. Darden’s first claim “once again raises an issue that has been litigated for years.” 475 So.2d at 221. On direct appeal, this Court held that improper comments made during the prosecutor’s closing argument at the guilt phase of the trial did not deprive Darden of a fair trial. 329 So.2d at 291. This Court has also rejected Darden’s claim that the prejudice from these comments carried over into the penalty phase, so tainting the penally phase as to require a new sentencing hearing. 475 So.2d at 221. (“We fail to see how closing argument in the guilt stage which has been held not to have deprived appellant of a fair trial could subsequently be used to attack the penalty hearing.”) In the instant petition, Darden points to the same comments which have been considered by this Court at least twice before, contending that they “created the risk that Mr. Darden was sent to the gallows because of the color of his skin.” See Robinson v. State, 520 So.2d 1 (Fla.1988). Even if we did not find this claim procedurally barred because this new characterization of the prejudice caused by these comments could have been or should have been raised on direct appeal, we would reject this claim on the merits, as we find no racial connotation in the comments complained of which would require a new sentencing hearing under Robinson.
Darden’s second claim in the amended petition, that his death sentence is predicated upon an automatic aggravating circumstance, could have been or should have been raised on direct appeal and is, thus, also procedurally barred.
We also deny Darden’s request for leave to file petition for writ of error coram nobis in the trial court. We have considered the facts now offered as newly discovered evidence in light of the evidence presented at trial and can not say that this evidence would have conclusively prevented Darden’s convictions for first-degree murder, robbery, and assault with the intent to kill. Riley v. State, 433 So.2d 976, 979-80 (Fla.1983); Hallman v. State, 371 So.2d 482 (Fla.1979). We decline Darden’s suggestion that in the capital sentencing context one seeking leave to file a petition for writ of error coram nobis need only establish that the newly discovered evi *1106 dence is “a material and relevant factor which should be considered in determining the appropriateness of the sentence” and “would be a significant but not controlling factor in determining the appropriateness of the death sentence in [a particular] cause.” 371 So.2d at 487 (Overton, J., concurring in part and dissenting in part).
Accordingly, both the initial and amended petitions for a writ of habeas corpus are denied. The request for leave to file petition for writ of error coram nobis and the motion for stay of execution and/or for stay of execution pending filing and disposition of petition for writ of certiorari are also denied.
No petition for rehearing will be entertained.
It is so ordered.
MCDONALD, C.J., and EHRLICH and GRIMES, JJ., concur.
OVERTON, J., concurs: “I concur, although I still adhere to my previously expressed views on coram nobis.”
BARKETT, J., concurs specially with an opinion.
SHAW, J., concurs in result only.

. The United States Supreme Court recently rejected Darden’s claim that the improper prose-cutorial comments made during closing argument in the guilt phase of the trial violated the requirement of reliability in the sentencing process articulated in Caldwell Darden v. Wainwright, 477 U.S. 168, 106 S.Ct. 2464, 2473 n. 15, 91 L.Ed.2d 144 (1986). It does not appear that the Supreme Court was presented with the claim, now before us, that the jurors’ sense of responsibility for sentencing was improperly diminished when they were informed that their recommendation was merely advisory.

. Although we do not reach the merits of Dar-den’s Caldwell claim, we take this opportunity to point out that the trial judge twice instructed the jury that its recommendation was entitled to great weight. During preliminary instructions, after informing the jury that its recommendation as to the appropriate sentence was merely advisory, the trial court stated: “I do want you to understand though that the law intends and I certainly would give great weight to what the advisory sentence would be. So you should not take your duties lightly." Then again during final penalty phase instructions, the trial court reiterated:
Ladies and gentlemen, as I told you at the beginning and I will repeat here, it is my determination, I do not wish to lighten in any way the weight of your advice. This is an advisory proceeding to me.
But I assure you, I shall give very great weight to what your recommendation might be. This was the intent of the statute and even if it was not intended by the statute, I certainly would because I would put great weight in what you think and what you would recommend.